Parker, C. J.
If the principal contract, which is declared upon, was duly assigned to the plaintiff, so as to give him the equitable interest and entitle him to an action in the name of Fisher, we have little doubt that an express promise, made to him by the de* *247 fendant, gives him a right of action in his own name upon that promise. (1)
The only question of difficulty is, whether the contract or undertaking of Todd to Fisher is duly assigned to the plaintiff. It appears clearly to have been intended to be assigned ; a valuable consideration was paid, and the written evidence of the contract was delivered over to the plaintiff. But Fisher had not signed his name on tue back, although words of transfer were written for the purpose of having his * signature, and the omission was [*284] accidental and not by design.
Whatever may be the effect of handing over a written contract to a party, to whom it is intended to be transferred, without a recognition of the transfer by the person bound by the contract, and a promise to pay the contents to the holder ; we are satisfied, that, with such recognition and promise, the assignment is sufficient without the name of the assignor. It amounts to the substitution of one creditor for another, by the consent of the two creditors and the debtor ; and an action may be maintained by such assignee in his own name, founded on the assignment and the express promise of the debtor to pay him. Without such promise of the debtor, the assignment, without writing, may be good, to some purposes, between the assignor and assignee ; but it would be a question between those two only. The action must, in such case, be brought in the name of the assignor ; and if he who holds the contract obtains the money, he will be enabled to keep it, if he can show that he has an equitable right to it, notwithstanding there may have been no assignment of it in writing. A question may also sometimes arise between the assignee and a creditor of the assignor, who may summon the debtor as trustee ; but in the present case no such difficulty has occurred.†
With respect to the right of the defendant to set off any demand he has against Fisher, we think his engagement to pay the plaintiff effectually precludes him. When notified of the assignment, if he had stated his counter claims, and promised to pay only such balance as might be due, his debt would have been protected ; or, if he had not promised at all, the action must have been brought by Fisher, and he would have had a right to set off, according to the statute, if legally and equitable entitled.‡ But his promise to pay, especially after signifying a wish to deduct what was due to him from Fisher, amounts to a relinquishment of his right, or an acknowledgment that he had *248 none. And, considering the favorable light in which the plaintiff stands, as having advanced money essentially for the ben[*285] efit of the defendant, it is * not difficult to imagine that he was ready to postpone any claim of his own, for the purpose of indemnifying the plaintff.
We are therefore of opinion that the verdict is right, and judgment must be entered accordingly.†

 Fenner vs Mears, 2 W. Black. 1269. —Israel vs. Douglas & al., 1 H. Black. 259. — Clarke vs. Adair, 4 D. & E. 343.

 Jones vs. Witter, 13 Mass Rep. 302. — Drum vs. Snell, 15 Mass Rep 481. — Coolidge vs. Ruggles, 15 Mass. Rep. 387. — Stone vs. Swift, 4 Pick. 389.

 Goodwin vs. Cunningham, ante, 193. —Hatch vs. Greene, ante, 195.—Jenkins vs Brewster, 14 Mass. Rep. 291.

 Where A was indebted to B. for brokerage, and B. was indebted to C. for money lent, and B. gave an order to A. to pay C. the sum due from A. to B as a security, on which C. lent B. a further sum, and the order was accepted by A , it was held, that, on A/s refusal to comply with the order, C. might maintain an action for money had and received against him. Israel vs. Douglass, 1 H. Bl. 239. And see Wilson vs. Coupland, 5 B. & A. 228. But, according to the most recent decisions, the agreement must be such that the debt due from B'. to C. is thereby extinguished. Caxon vs. Chardley, 3 B. & C. 591. — Wharton vs. Walker. 4 B. & C. 165. — Spratt vs Hobhouse, 4 Bing. 178. — Hannins vs. Rothschild, ib. 315. Where A , being indebted to B., gave him an order upon C., his, A.’s, tenant, to pay the amount out of the next rent that would become due, and B. sent the order to C., but had not any communication with him upon the subject, and at the next, rent-day C. produced the order to A. and promised to pay the amount to B., and, upon receiving the difference between that and the whole rent, A. gave a receipt for the whole; it was held that B. could not recover the amount of the order from C., either in an action for money had and received, or upon an account stated. Wharton vs Walker, ub. sup. — Robertson vs. Fontleroy, 8 Moore, 10. — Vide Hodgson vs. Anderson. 3 B. & C. 855. — Fisher vs. Miller, 1 Bingh. 150. Where there is a defined and ascertained debt due from A. to B , and a debt, to the same or a larger amount, due from C. to A., and the three agree that C. shall be B’s debtor instead of A., and C. promises to pay B ; in an action by the latter against C., it is incumbent on him to show, that, at the time when C. promised to pay B., there was an ascertained debt due from A. to B. Fairlie vs Dowton, 8 B. & C. 395. — Browning vs. Stalland., 5 Taunt. 450. — Vide Tucker vs. Welsh, 17 Mass Rep. 160.— Crocker et ux vs. Whitney, 10 Mass. Rep. 317, and note to 3d ed - Usher vs. De Wolfe, 13 Mass. Rep. 298.— Coolidge vs Ruggles, 15 Mass. Rep. 387.