TYLER *against* OLNEY.

If a justice mis-
lead a defend-
ant, by inform-
ing him that the
cause was dis-
continued, and
afterwards give
judgment a-
gainst him, in
his absence, the
judgment will be
reversed.

IN ERROR, on *certiorari* to a justice's court.

A summons was issued in the court below, at the request of *Cone*, as attorney for *Olney*, the plaintiff below. The constable who served the summons informed the justice, at the time of the return, that the cause would be discontinued, which the justice noted upon the back of the summons. About this time, or soon after, one *Elijah Durand* appeared in behalf of the defendant, and inquired if the cause would be called, when the justice informed him of what the constable had stated, and showed him the endorsement made on the summons. *Durand* produced no power of attorney, nor alleged that he had one; nor did the justice ask for one. After *Durand* was gone, *Cone* appeared in behalf of the plaintiff, and demanded that the suit should go on, and denied that he had given the constable any orders to say that the suit would be discontinued. Upon explanation with the constable, it appeared that there was a mistake as to the suit in which the order was given. The justice proceeded to trial, and gave judgment for the plaintiff.

*Per Curiam.* It would be the height of injustice to sustain this judgment. It may be questioned whether the suit was not discontinued and out of court; but if not, the justice was bound

to postpone the trial, as he had a right to do, not exceeding six days, he having misled the defendant. Whether *Durand* was authorized to appear, was not made a question; the justice recognised him as the agent or attorney of the defendant; if he had disputed his authority, he should have required the proof of it. The judgment must be reversed.