Opinion of the court delivered by
Judge Catron.
Nelson executed his note to Corbit, in these words: “Six months after date I promise to pay Michael Corbit nine dollars, value received. Witness my hand and seal, this 10th February 1829. R. Nelson, [seal.]”
Corbit sold the note to Herbert, who sold it to Marly. Corbit did not assign the note in any form. Marly warranted Nelson in his (Marly’s) name, and recovered judgment against him. Nelson appealed to the circuit court; and upon the trial there, the note was offered in evidence, which was objected to, hut was received, and Marly had his judgment affirmed. Marly proved that he had bought and paid for the note.
Marly could not show a legal title to this note without a written assignment of it. This is required by the acts of 1762, ch. 9, 1781, ch. 4, and 1789, ch. 57.
Marly upon the trial offered to amend, by inserting Corbit’s name as plaintiff; this the court would not permit to he done, and we think the court was correct in not permitting the amendment.
Judgment reversed.(a)

 If the defendant had promised to pay the plaintiff, after the note was sold and delivered to him, an action might probably have been sustained in the name of the plaintiff upon such promise; the equitable interest of the plaintiff in such case, would have been a sufficient consideration to support the promise. Thus, at common law, the assignment of a chose in action, vests only an equitable interest in the assignee; but if the debtor promise to pay the assignee, he may maintain an action in his own name upon such promise, Crocker vs. Whitney, (10 Mass. Rep. 316;) Mowbry vs. Todd, (12 Mass. Rep. 281;) Doty vs. Wilson, (12 John. Rep. 378. Cowpor’s Rep. 290. 6 Mass, Rep. 42. 2 W. Blk. Rep. 1269. 3 N. Hampshire Rep. 83.