## DAVIS, Adr., *vs.* LANE.

A note payable to order may be assigned by delivery without endorsement; but such assignment is invalid except made by the rightful holder, or by his authority.

Where, on the decease of the promissee of a negotiable note, the note was taken without endorsement and in fraud of the estate to the promissor, and he paid it, *held* that the payment did not avail against the administrator, and suit was maintained in his favor for the original consideration of the note.

THIS was assumpsit for money had and received, and for money lent.

The cause was tried upon the general issue, when it appeared that some time previous to October, 1833, the defendant had given a note for $50, payable to Ambrose Foss, the intestate, or order, in June, 1834. In October, 1833, Foss died. Immediately after the death of Foss, on the same day, the note was seen in the hands of his widow, and it went into the hands of one Prescott the same evening. Not long afterwards Prescott carried the note to the defendant, who took it up and gave Prescott a note for the amount.

It did not appear that the note which was given to Foss had ever been endorsed.

Soon after the death of Foss his widow was duly appointed administratrix of his estate, and so continued until April, 1834, when she was removed, and the plaintiff appointed administrator, *de bonis non*.

On the 31st of March, 1833, the plaintiff requested the defendant not to pay the note to Prescott, and offered to save him harmless.

It did not appear that the defendant, when he took up the note to Foss, had any notice that it went into Prescott's hands after the death of Foss, or that he had any reason to suspect that Prescott was not a *bona fide* holder, unless the circumstance that the note was not endorsed was a ground for such suspicion.

The court being of opinion that the action could not be maintained upon these facts, directed a nonsuit, which was to be subject to the opinion of the court upon the above case.

*Britton* and *Quincy*, for the plaintiff.

*Bell*, for the defendant.

UPHAM, J.   The plaintiff's right to sustain this suit depends on the question, whether the note due his intestate was passed from him by any valid authority ?   If not so passed, the plaintiff, as his representative, has a right to the note wherever it may be found ; or, if it has gone into the promissor's hands, he may bring his action for the original consideration.

The defendant attempts to controvert this position, on the ground that when the note was taken up by him he had no notice that it went into the hands of Prescott without due authority ; that a negotiable note may be assigned by delivery, and he might therefore well presume that Prescott held it *bona fide.*

There is no doubt but a bill or note, payable to order, may be transferred by the payee by delivery only, so far as to enable the assignee to maintain an action upon it in the name of the original payee.   *Bayley on Bills* 65 ; 2 *N. H. R.* 446, *Foster* vs. *Shattuck* ; 12 *Mass.* 281, *Mowry* vs. *Todd* ; 13 *Mass.* 304, *Jones* vs. *Witter.*

In 13 *Mass.* 305, Chief Justice Parker remarks, that there is no sensible ground upon which a writing shall be held necessary to prove an assignment of a contract, which assignment has been executed by delivery, any more than an assignment of a personal chattel.

These authorities sustain the position that a negotiable note may be assigned by delivery.   It is holden, however, that in case of the loss of a note, if the bill or note be assignable by mere delivery, as if payable to bearer, the finder

may confer a title by delivery; but if made assignable by endorsement, he cannot. *Bayley on Bills* 72; 1 *Hen. Bl.* 607; 4 *D. & E.* 28, *Mead* vs. *Young*; *Chit. on Bills* 92.

The result of the authorities is, that a negotiable note is assignable by delivery merely; but this assignment can be made only by the person having the legal interest in the note. A delivery by an unauthorized person is no assignment.

The fact that the promissor had no knowledge but Prescott was a rightful holder of the note, does not make the assignment valid. The transfer not having been made in the usual manner, by endorsement, should have placed the defendant on his guard.

As Prescott claimed the interest in the note without color of right, and the defendant paid the amount to him, he has his remedy on Prescott; but as regards the plaintiff, it is no payment.

Neither the plaintiff, or his intestate in this case have done any thing to preclude their right to this note, or to throw any blame upon them. An attempt was made to withdraw the note wrongfully from the estate. The defendant may not have been cognizant of this fact; but the note must be maintained against him till payment is made to its rightful holder. The nonsuit, therefore, must be set aside, and a

*New trial granted.*