ZACHARIAH B. STEVENS *versus* PETER LUNT.

A debt due from the plaintiff to the firm of which the defendant was a member, cannot be made available by him in offset, by virtue of st. 1821, c. 59, § 19, without an express promise to pay.

Where a vessel was built by several individuals, and advances were made by two part owners, who were partners, out of the partnership funds, the liability of the other owners for such advances, is to the firm, and not to the several members of it.

ASSUMPSIT on an order dated June 12, 1833, drawn by Josiah W. Beals, in favor of the plaintiff, for two hundred and sixty dollars and interest on the same for one year and one month, on the defendant, and by him accepted — on which were two indorsements, the last of which was dated Jan. 9, 1834. The writ was dated Jan. 2, 1840.

The defendant pleaded the general issue, and for brief statement relied on the statute of limitations. Two accounts were filed in offset, one in the name of Lunt & Bradley, the other was as follows:

" Zachariah B. Stevens  to Peter Lunt,                                    Dr.

To expenses of building one fourth part of schooner Paragon
   in 1825, as per bills paid and receipted, rendered to Lunt
   & Bradley and paid by them,                                    $710 37

To interest to 1840,                                                      241 86

                                           Cr.

By bill against the Paragon,                                              $432 34"

It appeared in evidence that the firm of Lunt & Bradley was composed of the defendant and Wm. C. Bradley — that they formed a copartnership in April, 1825, which was dissolved in April, 1839 — that at the time of the dissolution, Lunt assumed all the debts of the firm, and that all the demands belonging to them were assigned to him, but it did not appear that the plaintiff knew of that assignment — that the plaintiff, Lunt & Bradley, and others, built the Paragon — that the plaintiff's interest was one fourth — that the amount filed in offset for building the Paragon was charged to Stevens individually, as his portion of indebtedness to the firm for building said schooner. It further appeared that the order in suit originated in other trans-

actions, and had no connexion with the dealings of the firm of Lunt & Bradley with the plaintiff.

The defendant offered to prove the accounts in set-off by the books of the firm and the testimony of Bradley — but Emery J., before whom the cause was tried, ruled that the accounts in the name of Lunt & Bradley could not be filed in offset — whereupon a verdict by consent was rendered in favor of the plaintiff, which verdict was to be set aside and a new trial granted if the accounts of Lunt & Bradley against the plaintiff could be legally filed in offset — otherwise judgment was to be rendered on the verdict.

*Fessenden & Deblois,* for the defendant, contended that the account of Lunt & Bradley should have been allowed in set-off, and cited *Lord* v. *Baldwin,* 6 Pick. 348; *George* v. *Clagett & al.,* 7 T. R. 359; *Lloyd* v. *Archbold,* 2 Taunt. 324; *Thompson* v. *Hale,* 6 Pick. 259; *Walker* v. *Leighton & al.,* 11 Mass. R. 140; Howe's Prac. 345.

The owners of the Paragon were tenants in common. Stevens owed Lunt for proportional share of the expenses of building the schooner. *Harding* v. *Foxcroft,* 6 Greenl. 76. Lunt could maintain a suit for that amount against the plaintiff — if so, it might be filed in offset. *Baker* v. *Jewell,* 6 Mass. R. 461.

*F. O. J. Smith, contra.* St. 1821, c. 59, § 19, allows only offsets between the same parties. *Grew* v. *Burditt,* 9 Pick. 265; *Holland* v. *Makepeace,* 8 Mass. R. 418.

The opinion of the Court was delivered by

WESTON C. J. — It is assumed in argument, that the plaintiff knew of the assignment of the demands of Lunt and Bradley to Lunt, and that he promised to pay him either expressly or by implication. But there is nothing in the case, which proves that the plaintiff had notice of such assignment. It does not appear in the advertisement of the dissolution of the firm, and Bradley testifies that he gave him no such notice. It is insisted that the owners of the schooner Paragon, being tenants in common, the defendant, upon his account in offset, may be allowed for his part of the advances. But they were

made by Lunt and Bradley as a firm, and from their partnership funds, and the plaintiff, if liable at all, must be liable to them as partners. If, knowing of the assignment, he had promised to pay Lunt, he would have been answerable to him alone, and not otherwise. *Mowry* v. *Todd,* 12 Mass. R. 281.

The offset filed, being not in the name of the defendant alone, but of himself and another, cannot regularly be made available as an offset under the statute. If it had had any connection whatever with the demand in suit, so as to place them in the condition of mutual credits, its allowance might have been equitable. But it grew out of transactions altogether independent. Whether due or not, depends upon the adjustment and liquidation of other accounts between the parties. The account by which this offset may be balanced, is not before the court. It is quite apparent that the defendant never relied upon it as a matter entitling him to be discharged from the demand in suit. If he had, instead of giving his acceptance to the plaintiff, four years after the demand filed in offset had accrued, to be held as outstanding against him, he should only have given him a receipt for so much money on account; but he accepted to pay absolutely, and actually made partial payments. And it appears to us, that the offset, upon which the defendant insists, is neither sustained by the law or equity of the case.

*Judgment on the verdict.*