WILLIAM BOURNE *vs.* EDWARD CABOT.

A. drew an order requesting B. to pay C. money, not exceeding a certain amount, out of any funds of A. that might come into B.'s hands : B. accepted, to pay out of any funds of A. that might come into his hands, after deducting all sums that might be due from A. to him. Before B. received the funds, a commission of insolvency issued against A. under *St.* 1838, *c.* 163, and B., after receiving them, insisted that he was bound to pay the balance, which was due to A., to his assignee : In a suit by C. against B. on his acceptance, it was held that the order was *primâ facie* an assignment of the fund, and that, in the absence of evidence that it was without consideration, or was otherwise fraudulent, C. was entitled to recover.

ASSUMPSIT on the following order and acceptance : "Boston, August 4, 1840. Mr. Edward Cabot. Sir, You are request-

ed to pay to Mr. William Bourne of Hanson a sum not exceeding $935, out of any funds you may have in your hands belonging to me.  Cummings Litchfield."  " Accepted to pay this order out of any funds that may come into my hands of the drawer, after deducting all sums that may be due and payable to me, and all legal charges.  Aug. 4, 1840.  Edwd. Cabot."

The plaintiff gave in evidence, at the trial before *Wilde*, J. the following papers :  " Boston, July 3d 1840.  Recd. of Cummings Litchfield a bill of sale of a new brig built by him at Scituate, now in this port, as collateral security for a note of hand of this date for $2250 on demand with interest, being for money advanced by me on said vessel ; the said bill of sale to be cancelled when said note is paid, which is to be done, together with any other charges which may accrue, when said brig is sold by Cabot & Frazer ; to whom she is consigned for sale.  Edward Cabot."  On this receipt, &c. was this indorsement :  " August 4, 1840.  Edward Cabot's acceptance of Cummings Litchfield's order in favor of William Bourne, for $935, is charged upon and to be deducted from the sales of the new brig here mentioned, before said Cabot accounts for the proceeds of said vessel.  Cummings Litchfield."

The brig was sold on the 18th of September 1840, and after payment of advances and expenses, a balance of $936·93 was found due from the defendant.  This balance was claimed by the plaintiff under the acceptance above set forth.

The defendant relied upon a commission of insolvency which issued against Litchfield on the 17th of August 1840, under *St.* 1838, *c.* 163, and contended that by this statute, the balance due from the defendant, upon the sale of the brig, was arrested in his hands, and that he was bound by law to pay it to Litchfield's assignee, who had demanded it, for distribution among all Litchfield's creditors.

The judge reserved the question, whether the plaintiff is entitled to recover, for the consideration of the whole court.  The defendant to be defaulted, or the plaintiff to become nonsuit, as the court may direct.

*W. Baylies*, for the plaintiff, cited *Curtis v. Norris*, 8 Pick

280. *Clarke* v. *Adair*, as stated in 4 T. R. 343. *Hall* v. *Marston*, 17 Mass. 575. *Drown* v. *Pawtucket Bank*, 15 Pick. 88. *Gibson* v. *Cooke*, 20 Pick. 15. *Adams* v. *Robinson*, 1 Pick. 461. *Crocker* v. *Whitney*, 10 Mass. 316. *Yeates* v. *Groves*, 1 Ves. jr. 280. Bayley on Bills, (1st Amer. ed.) 24, 25.

*Eddy & Coffin*, for the defendant, cited *Cooper* v. *Chitty*, 1 Bur. 20. *Billon* v. *Hyde*, 1 Ves. sen. 328. *Vernon* v. *Hankey*, 2 T. R. 113. *Smith* v. *Milles*, 1 T R. 481. *Browne* v. *Coit*, 1 McCord, 408. Story on Agency, 502, 503. *Cuxon* v. *Chadley*, 3 Barn. & Cres. 591. *Wharton* v. *Walker*, 4 Barn. & Cres. 163.

SHAW, C. J. The court are of opinion, that the plaintiff is entitled to recover. The order drawn by Litchfield in favor of the plaintiff, and accepted by the defendant, has most of the characteristics of a bill of exchange ; but being drawn on a particular fund, and accepted conditionally, it is not, strictly speaking, a negotiable bill of exchange. But it has been held — probably in analogy to the case of a bill of exchange — that *primâ facie* such an order is evidence of a consideration, without the words " value received," or other express evidence of consideration, so as to constitute it a good assignment. *Adams* v. *Robinson*, 1 Pick. 461. But being *primâ facie* only, it is always competent to rebut the presumption of consideration by proof ; in which case, such order should be construed to be an authority only, without interest in the payee, and so not an assignment. If the assignee of Litchfield could show that the order was given without consideration, or was otherwise fraudulent against creditors, it would appear that no interest in the fund passed to the plaintiff by the order and acceptance, and the assignee would be entitled to the balance in the hands of the defendant, for the benefit of the creditors of Litchfield. But that is a fact to be agreed or found by a jury.

It appears that long before the insolvency, the vessel in question had been conveyed, in due form, from Litchfield to Cabot, and the property in the vessel was thereby vested in the latter. The interest of Litchfield was only in the fund to arise from the

sale of the vessel, and secured by the agreement of July 3d 1840.   This claim was a chose in action, a right to a sum of money, of uncertain amount at the time, but to be made certain afterwards.   The order of Litchfield on the defendant was a good assignment of the fund, *pro tanto*, to the plaintiff, and the express promise to the assignee, to pay him the balance when the vessel should be sold, constituted a legal contract ; and on the happening of the condition gave him a right to maintain an action in his own name.   *Mowry* v. *Todd*, 12 Mass. 281.  *Crocker* v. *Whitney*, 10 Mass. 316.   The order was drawn and accepted, August 4th 1840, and the proceedings under the commission of insolvency took effect on the 17th of August of the same year.   It follows that the right of the plaintiff, *pro tanto*, to the fund in the defendant's hands, vested before Litchfield's insolvency, and of course the same did not vest in his assignee, by the proceedings under the insolvent law.   To this extent, therefore, the defendant is liable to the plaintiff, and not to the assignee.

*Defendant defaulted.*