Shaw, C. J.
This was an action of assumpsit, brought by the plaintiff for the benefit of Ransom Reed. It contained, besides the common money counts and a count upon an account annexed, a count upon a special contract, to put into the defendant’s mill a steam-boiler and certain fixtures, for a certain price to be paid to the plaintiff. The case was referred to an auditor, who reported that the defendant claimed that the work was done under a special contract, that the plaintiff offered evidence to show that the work was done, so far as it could be at the time; that it was delayed at the special request of the defendant; and that the remainder was done at a subsequent period. The defendant offered evidence to show that the job had never been completed. The auditor found due, from the defendant to the plaintiff, two hundred thirty-seven dollars thirty-seven cents, with interest from September 9,1848. He reported that the following paper, dated August 8, 1848, from Derby to Sanford, was put into the case.
“Dear Sir: I hereby authorize Ransom Reed, Esq., to finish the job already commenced, of putting the pipes into your mill, and to take the balance, whatever may be due.”
And that the following was indorsed thereon by the defendant, under date of November 24,1848.
“Whatever balance may" be due on the within job, when completed as per agreement, shall be paid to R. Reed, Esq.”
*264 The defendant contended that the above paper contained an assignment of the canse of action, and an assent thereto by the defendant, and a promise by him to pay the debt to bleed and that no suit could be maintained in the name of the plaintiff, but only in the name of Reed. At the trial in the court of common pleas, the plaintiff contended, that, if an assignment were proved, it would not defeat the present action; that the facts reported did not prove an actual assignment of the claim, and an assent thereto and promise to pay the money due, and to become due thereon, to Reed.
The judge ruled that, if the facts of an assignment for a valuable consideration and of the assent and promise of the debtor were disputed, the question would be left to the jury; but that, if these facts were proved, the present plaintiff could not recover.
The plaintiff then offered to prove that the interest of Reed in this suit was, to hold the proceeds of the same as collateral security for a debt due from the plaintiff, which debt was much less than the amount allowed by the auditor, and that the surplus was to be paid over to the plaintiff.
The judge ruled that these facts, if proved, would not enable the plaintiff to maintain the action in his own name.
The jury returned a verdict for the defendant.
To these rulings of the court the plaintiff excepts.
It is to be regretted that this action must turn upon a mere point of form; but still, it is so, and that point must be decided. It seems to us clear, that the decision of the court of common pleas was right. The doctrine of the assignment of choses in action does not arise here. There is no doubt that it is the law that, when an assignment of a debt is made, and-the debtor agrees to pay the assignee, the assignment is a good consideration for the new promise, and an action may be maintained in the name of the assignee. It follows that, if the debtor pays the assignee, such payment is a good de-fence to any action by the assignor. There are several cases to this point. That of Mowry v. Todd, 12 Mass. 281, is the leading one.
But this case is very different from those. Here, there was *265 an entire contract to do a specific piece of work. It was unfinished when a new arrangement was made by consent of all parties, and no cause of action had then arisen. The effect of the written order drawn by Derby, and assented to by Sanford by his indorsement upon it, was that of an agreement by the original contracting parties, to substitute Reed for Derby both to finish and complete the job, and to receive whatever balance might be due on the job, when completed; that is, whatever might be due on the contract, as well for the work already partly done by Derby, as that contemplated to be done by Reed, to complete it. It was not the assignment of a chose in action, for there was no debt due to Derby, and, of course, no chose in action to be assigned. It was the substitution of Reed for Derby, as the contracting party with Sanford, to which Reed assented by taking the order, and going on to complete the work.
The defendant, by his indorsement on the order, undertook that the balance for the job, when completed as per agreement, should be paid to Reed.
The completion of the job by Reed was a good consideration for such express promise; but in addition to that, the defendant, by the substitution, was wholly discharged from his contract to pay Derby anything. When the job was completed, we think Reed was the only creditor; and he alone could bring the action. The court are of opinion that the directions of the judge were right.
It is finally urged, that substantial justice is here with the plaintiff, and no merely technical objection should be allowed to defeat the action. This may or not be so; we can know the circumstances only as they are disclosed. Possibly, the defendant may have a good bar to any action to be ■ brought by Reed.
It is to be regretted that so much cost has been incurred for a mere point of form, if in truth it be such •, but we think that the objections of the defendant were made early, and adhered to perseveringly; and, the law being in his favor, he has a right to the benefit of them.

Exceptions overruled amd judgment for the defendant upon the verdict.