IRA HAY *vs.* ELISHA GREEN, Administrator.

The purchaser of a chose in action from the assignee of the estate of an insolvent debtor, cannot maintain an action thereon in his own name, without an express promise by the debtor to pay such purchaser.

An oral promise by an administrator to pay a distributive share in the estate of the deceased, to one who purchased the same of the assignee of the heir at law, does not bind him, especially if such promise is made subject to an account in set-off which is not allowed by such purchaser.

THOMAS GREEN, of Stoneham, in this county, died intestate, leaving a son, Martin Green, whose distributive share in his father's estate, as decreed in the probate court, September 1, 1846, amounted to $93.02. In December, 1843, said Martin Green had been declared an insolvent debtor on his own petition, and Ira Gerry was chosen assignee of his estate. Said assignee sold at public auction, April 5, 1844, the right of said Martin Green to the distributive share in his father's estate, and the plaintiff, Ira Hay, became the purchaser. At this auction sale, the defendant, Elisha Green, administrator upon the estate of Thomas Green, the father of the insolvent debtor, was present and made a statement of the supposed value of the distributive share of said Martin Green in his father's estate. After the decree of distribution was made in the probate court, and the amount of said distributive share ascertained, the defendant verbally offered to pay the plaintiff said share, if he would deduct the sum of $54.90 paid by the defendant in December, 1843, as administrator of said Thomas Green, who had signed a note as surety for said Martin Green, which the plaintiff declined to do, and brought this action, in his own name, against said administrator, for

the whole amount of the distributive share. Upon the foregoing facts, *Mellen*, J., in the court of common pleas, ruled that the action could be maintained, and a verdict was returned for the plaintiff, to which ruling the defendant excepted.

*E. Buttrick & L. Marrett*, for the defendant.

*A. H. Nelson & J. P. Converse*, for the plaintiff.

BY THE COURT. We are of opinion that Martin Green's distributive share of his father's estate, though it was uncertain as to amount, and as to the time when it would become payable, was a chose in action which passed to Gerry, the assignee, by the assignment of Martin's estate. But we are also of opinion that the plaintiff, as purchaser of that chose in action, at the assignee's sale, cannot maintain an action in his own name against this administrator, to recover the amount due thereon. By the insolvent law, a right of action on the decree of distribution vested in the assignee, but not in his vendee. It is contended, however, that the defendant has expressly promised the plaintiff to pay him the sum that was due to Martin, and, therefore, according to the decisions in like cases, the plaintiff may maintain an action in his own name. *Crocker* v. *Whitney*, 10 Mass. 316; *Mowry* v. *Todd*, 12 Mass. 281. Assuming this as a correct doctrine, yet it will not aid the plaintiff in this case. For the testimony, in the first place, does not show that the defendant ever promised the plaintiff to pay the distributive share to him, except subject to a set-off. But, in the second place, the promise, whatever its terms or conditions may have been, was oral only; and the defendant, being administrator, and sued as such, is not liable on his promise, unless it is in writing. Rev. Sts. *c.* 74, § 1.

The verdict is set aside, and a new trial is to be had in this court, unless the plaintiff elects to discontinue or become nonsuit.