## ELEAZER AUSTIN vs. EDMUND KIMBALL.

By a reference under a rule of court, the referees have full power to decide upon the rights of the parties, whether these rights depend upon controverted ques· tions of law, or contested questions of fact.

A reference under a rule of court is a waiver of the nonjoinder of another party as plaintiff.

THIS action of contract was referred, under a rule of court, to three referees, who awarded that the plaintiff recover of the defendant the sum of $757. At the request of the defendant, the referees further reported "that one Isaac W. Shannon was equally interested with the plaintiff in the subject-matter of the contract upon which the action was founded, but that the interest of said Shannon had been released and conveyed to the plaintiff before the commencement of this suit." The defendant moved, in the court of common pleas, that the award be set aside because said Shannon was not joined as plaintiff in the action, but the presiding judge accepted the award, and ordered judgment thereon for the plaintiff. The defendant appealed to this court.

*W. D. Northend*, for the defendant.

*S. H. Phillips*, for the plaintiff.

SHAW, C. J. By the rule of court giving sanction and legal· effect to the agreement of parties, submitting this case to referees, they had full power to decide upon the rights of the parties, whether their rights should depend upon controverted questions of law, or contested questions of fact. This is now well settled.

We do not perceive by this award that it was the purpose of the referees, in appending to their report the statement they did, at the request of the defendant, to refer any question of law to the court; and if they did not, no such question is open upon the acceptance of the report. *Ward* v. *American Bank*, 7 Met. 486. But if it were open, we do not see that it would affect the validity of the award. No doubt the legal principle is, that if a debtor is sued by one of two joint cred·

41 *

itors, he may take advantage of it to protect himself from being vexed with another suit by the other creditor, and to defeat the action. But it is an objection designed for his benefit, and therefore he may waive it. If one joint creditor assigns his share of the interest to the other, it is a good assignment in equity, and will vest the whole beneficial interest in the assignee. If, knowing this fact, the debtor assents to it, and agrees to pay the assignee, it gives the latter a legal title, and a good cause of action. *Mowry* v. *Todd,* 12 Mass. 281. When, therefore, the defendant agreed to refer, which supersedes all question of form of pleading, and knowing, as he probably did, that the plaintiff had the entire beneficial interest in that which had been a joint contract, it was a waiver of all exception to the action on the ground stated, and an assent to deal with the plaintiff as a sole creditor.

*Judgment on the award for the plaintiff.*