## THOMAS ROLLISON v. JOHN HOPE.

The affidavit to a petition for *certiorari* may be made before the Clerk of the District Court in which the petition is to be filed.

An affidavit to a petition for a *certiorari*, to the effect, "that the material facts as set forth in the foregoing petition, are true as they have come to his own knowledge ; and the information of others concerning the facts, which has come to his knowledge, he believes to be true in like manner," held to be sufficient.

Where the affidavit to a petition for *certiorari* stated that the *material* facts as set forth therein were true, it was held sufficient on appeal, especially as the motion to dismiss did not point out specifically the objection now urged (to the word "material.")

Where the petition for *certiorari* purported to set forth the testimony introduced by each party at the trial in the Justice's Court, but did not say in so many words that there was no other evidence introduced than that so stated, although it did state that there was no proof to sustain the account sued on, it was held sufficient.

A chose in action, not evidenced by writing, or an open account, may be assigned without writing, and the assignment will pass the equitable title to the assignee ; if the debtor have notice of the assignment, and promise to pay the money to the assignee, the latter may sue therefor in his own name, in a court of law ; if there is not any such express promise to pay, equity will protect the interest of the assignee ; and in our Courts he may maintain the action in his own name.

In such case the action is not brought upon the promise of the second debtor to pay the debt of the first, but upon the assignment of the claim of the first debtor against the second ; and the Statute of Frauds is therefore inapplicable.

Error from Colorado.　　Tried below before the Hon. James H. Bell.

Petition by defendant in error, for a *certiorari* to a Justice's Court. The petition was sworn to before the Clerk of the District Court of Colorado county, was to the effect "that the "material facts as set forth in the foregoing petition, are true

" as they have come to his own knowledge ; and the information
" of others concerning the facts, which has come to his knowl-
" edge, he believes to be true in like manner." The petition
purported to detail the evidence introduced by each party
in the Justice's Court, but did not say, in so many words, that.
there was not other testimony. The suit before the Justice
had been upon an account, and the petition for *certiorari*
alleged that there was no proof to sustain the account. The
plaintiff moved to dismiss the *certiorari*, on the ground—

1st. That the Clerk of the District Court had no authority
to take the affidavit to the petition.

2nd. That the affidavit is insufficient, and is not such as is
required by law in such cases.

3d. That the petition purports to set out certain testimony
that was given before the Justice, but that for aught that
appears, there may have been other testimony adduced, suffi-
cient to warrant the judgment.

The motion to dismiss was overruled. The statement of
facts was as follows : The plaintiff, Thomas Rollison, testifies
in his own behalf, that in the summer of 1853, one A. J. Shan-
non became indebted to him, Rollison, in the sum of $240 ;
that said Shannon paid $150 in a note indorsed by defendant
Hope to Shannon, and by Shannon to plaintiff; that Shannon
told plaintiff that he would get the remainder from Hope in a
good note ; that Shannon told plaintiff to look to Hope for the
ninety dollars, which witness agreed to do ; that witness did
not know of any business transaction between Hope and Shan-
non ; that he did not know anything of the sale of a buggy
from Shannon to Hope; that plaintiff never had sold a buggy
to Hope and received any money or other payment from Hope
on account of a buggy ; that Hope knew nothing of the arrange-
ment between plaintiff and Shannon, and was not privy to the
same : did not know that Hope was indebted to Shannon. In
obedience to the request of Shannon, plaintiff went to Hope
and demanded ninety dollars on account of Shannon ; Hope

offered to plaintiff a horse, if plaintiff would pay the difference; at another time offered a note of about $200, if plaintiff would pay the difference.   Afterwards Hope required of plaintiff to bring Shannon in his presence, or to bring a written order from Shannon, neither of which acts did plaintiff perform. Plaintiff said that he never had a written order from Shannon. This occurred in the latter part of '53, or in the early part of '54.

John Shannon, defendant's witness, testified that about the 11th of July, 1853, defendant and A. J. Shannon, were talking about the sale of a buggy ; that Hope was to pay $150, in a note made by D. Cooper to Hope, and Shannon requested Hope to lift a note on which was due about $200, made by Shannon to Bonds, which Hope agreed to do ; did not see the buggy ; did not know the price of it ; nor how much the Bond's note was first given for ; that the contract was that Hope was to pay Shannon in his Shannon's own paper, or other good paper satisfactorily indorsed.

Bonds, defendant's witness, testified that Hope, sometime in August, 1854, purchased from witness a note, made by A. J. Shannon on which was due about $200 ; that Hope gave witness a valuable consideration for said note.   The note was shown, and witness recognized it as the note sold to Hope. (Here followed a copy of said note with credits indorsed.)

The Judge charged the jury, without request, as follows :—

The jury are instructed that, in order to hold a party bound on a promise to pay a pre-existing debt of another person, such promise or agreement, or some memorandum thereof, must be in writing, and signed by the party to be charged therewith, or by some person authorized to sign such agreement in writing, or such memorandum.

The following instructions were requested by the plaintiff, and refused :

That the verbal assignment of a debt is as good as a written one ; also, that if Hope, the defendant, purchased the

Bonds note, with knowledge that Rollison claimed the debt which he owed Shannon, and after Shannon had assigned the account of ninety dollars to Rollison, then Hope cannot offset the note of Shannon to Bonds against the claim of Rollison.

Verdict and judgment for defendant. Motion for new trial overruled.

*J. H. Robson*, for plaintiff in error.

*W. J. Darden*, for defendant in error.

WHEELER, J.. The Court did not err in overruling the motion to dismiss the petition.

That the affidavit may be made before the Clerk of the Court in which the suit is instituted, has been heretofore decided.

The affidavit is not in the most approved form. But a substantial compliance with the law is all that is required ; and the law does not prescribe the terms of the affidavit; but only that the party applying shall make affidavit in writing, setting forth sufficient cause to entitle him to the writ. (Hart. Dig., Art. 1753.) The practice has been to construe these proceedings liberally ; and not to require the same strictness which is required in the proceedings in ordinary suits in the District Court. We think the affidavit ought to be deemed sufficient in substance, especially as the motion did not point out specifically the objection now urged.

The petition was also sufficient. It does not expressly negative that there may have been other evidence before the Justice than that which it recites. But it states that there was no proof to sustain the account sued on ; and that, taken with

the other averments, was sufficient to entitle the petitioner to the writ.

The material question is, whether there was evidence of an assignment of the debt to the plaintiff, of a character to enable him to maintain the action ; and whether there was error in the charge, and ruling of the Court upon that question.

In the late valuable Treatise of Mr. Robinson on Practice, (Vol. 2, p. 254 to 259,) the law upon this subject is very clearly laid down, with a reference to the cases. There are cases, (he says in which, by agreement, though it be by parol, one person may be substituted for another, as it regards the obligation of the latter. " Where it is admitted that a defined and ascertained sum is due from A to B, and that a larger sum " is due from C to A, and the three agree that C shall be B's " debtor instead of A, and C promises to pay B the amount owing " to him by A, an action will lie by B against C. Wilson, &c. v. Copeland, &c., 5 Barn. & Ald. 225 ; 7 Eng. Com. Law Rep. " 77." " It is a general rule as to such cases, that it lies upon " the plaintiff to show that at the time when the defendants are " supposed to have promised to pay him the debt owing to him " by the third party, there was a debt ascertained to be due to " that party from the defendants. Fairlie v. Denton, &c., 3 " Barn. & Cress. 395 : 15 Eng. Com. Law Rep. 246. And it "must appear that the plaintiff agreed to look to the defend-" ant instead of his original debtor ; that the debt from such " debtor was extinguished. Caxon, &c. v. Chadly, 3 Barn. & " Cress. 591; 10 Eng. Com. Law Rep. 191. Wharton v. Walker, " 4 Barn. & Cress. 163 ; 10 Eng. Com. Law Rep. 302. These ". cases in effect hold, that even at Common Law, a chose in action " is assignable with the assent of the three parties concerned." (Id. 255.) " In Massachusetts and Maryland, an assignment " by a party, of his money in another's hands, with notice to " that other, imposes on him an equitable and moral obliga-" tion to pay the money to the assignee ; and though this obli-" gation is not sufficient at Common Law to enable the as-

Rollison v. Hope.

" signee to maintain an action thereon in his own name, it is
" yet a good consideration for an express promise to that
" effect. It is no objection to such an assignment, that it is of
" a debt due on open account, or even of an unliquidated bal-
" ance of account. If the defendant, having notice of the as-
" signment, promises to pay what shall appear to be due from
" him, he is liable for what shall so appear. Nor does it make
" any difference, if instead of a debt now due, the assignment
" is of money which is expected to become due at a future day,
" to the assignee. When the contingency happens and the
" money is due, the debtor is liable for the amount, on his pro-
" mise to the assignee. Jackson, J., in Croker and wife v.
" Whitney, 10 Mass. 326 ; Kingly &c. v. New England Mut.
" F. I. Co. 8 Cush. 400 ; Onion v. Paul, 1 Har. & J. 114 ;
" Allston's Adm'r. v. Contee's Ex'or, 4 Id. 351. There are
" other cases deciding that a promise in writing, delivered
" over by the payee to another, for an adequate consideration,
" the promiser having notice and promising to pay the as-
" signee, will justify an action by the assignee upon his own
" name. Lamar v. Monro. 10 Gill & J. 50 ; Gordon v. Dow-
" ney, 1 Gill. 51. Such action has been maintained, although
" the name of the assignee has not been signed upon any part
" of the note. Mowry v. Todd, 12 Mass. 281 ; Jones v. Wit-
" ter, 13 Id. 307. It has been maintained without producing
" an assignment in writing. S. C. 1 Har. & J. 114–15." (Id.
255–6 ; and see Clinton v. Chambliss, 6 Rand. 86.) If two
men agree for the sale of a debt, and one of them gives the
other credit in his books for the price, that may be a good as-
signment in equity, though there was no promise made by the
debtor to pay the purchaser. (2 Rob. Prac. 256–7 ; 4 Taunt.
327 ; 10 Wend. 680 ; 1 Wheat. 233.) " By the sale and de-
" livery of a bond or note, though without indorsement or
" written assignment, the purchaser becomes the beneficial
" owner." (2 Rob. Prac. 257.) And repeated decisions of
this Court have settled, that such beneficial owner may main-

tain an action thereon in his own name. The equitable interest in a chose in action may be assigned for a valuable consideration, by mere delivery of the evidence of the contract ; it is not necessary that the assignment should be in writing. (1 Parsons on Con. 197 ; 15 Mass. 481.)

The above references show that a chose in action, not evidenced by writing, or an open account, may be assigned without writing ; and that the assignment will pass the equitable title to the assignee ; if the debtor have notice of the assignment, and promise to pay the assignee, the latter may sue therefor in his own name in a Court of Law ; if there is not any express promise to pay, equity will protect the interest of the assignee, and in our Courts he may maintain the action in his own name. To apply these principles to the case before us : Shannon was indebted to the plaintiff, and the defendant was indebted to Shannon. He (Shannon) told the plaintiff to look to the defendant for the debt ; which the plaintiff agreed to do ; the defendant had notice of the agreement, and proposed to the plaintiff to pay him in property, and in a note. Here, then, there was a parol assignment of the debt from Shannon to the plaintiff, with the knowledge and assent of the defendant ; the latter was thereby released from his liability to Shannon, and became liable to pay the debt to the plaintiff. The latter being the beneficiary, and equitable assignee and owner of the claim, might well maintain the action in his own name. It is not a case within the operation of the Statute of Frauds. The action was not brought upon the promise of the defendant to pay the debt of Shannon, but upon the assignment by Shannon of his claim upon the defendant. The defendant was sued for his own debt, not that of Shannon. The charge of the Court, therefore, upon that subject, was inapplicable ; and there was error in refusing the instructions asked by the defendant. We have seen that the assignment was valid. And it is clear that the defendant could not defeat the plaintiff's right by making payment to Shannon or buying up claims against him, after he

had notice of the assignment, The judgment is reversed and the cause remanded.

Reversed and remanded.