SAMUEL GRANT *vs.* NATHANIEL E. WOOD.

The indorsee of this order, " At sight after the arrival and discharge of coal by brig G. pay to the order of myself fifteen hundred dollars, value received," indorsed in blank and delivered before acceptance, may maintain an action thereon after acceptance and express promise by the drawee to pay to him personally, and demand accordingly.

ACTION OF CONTRACT against the acceptor of the following order : " Boston, December 1854. $1500. At sight after the arrival and discharge of coal per Brig Wm. M. Groton, bill lading dated Philadelphia, Nov. 30 1854, pay to the order of: myself fifteen hundred dollars, value received.

" To N. E. Wood, Esq.                    James Gordon."

On the back of this was written " James Gordon," and across the face, " Accepted, N. E. Wood."

At the trial before *Merrick*, J., Elijah D. Brigham testified that he received this order as agent for Grant, and that the defendant afterwards accepted it and promised to pay it, but although afterwards repeatedly requested, refused so to do. The case was upon this evidence reserved for the determination of the whole court.

*E. Ripley*, for the plaintiff.

*N. Morse*, for the defendant.

SHAW, C. J. We are of opinion that the defendant's counsel is correct in the argument on the first point, that this draft and acceptance was not a negotiable instrument. It was payable on a contingency, the arrival of a vessel, which might never happen. *Cota* v. *Buck*, 7 Met. 588.

Still we think it constituted a good contract between these parties. It was a cash draft drawn by Gordon, addressed to

Wood, payable to the drawer's own order, and by him indorsed in blank. It was delivered to Grant, through his agent, and thus made Grant the holder, and authorized him to fill the blank indorsement, by making it payable to himself. In this condition it was presented to Wood by Grant through his agent, and was by him accepted.

What is the legal effect of such acceptance? The draft is a request by the drawer to the drawee to pay a certain sum of money to the party rightfully presenting it. The drawee accedes to such request, and thereby in effect makes an agreement to the request, to pay the holder accordingly, and a promise to him to do so.

It is a direct contract between the acceptor and the holder to pay a certain sum on a certain contingency, on which, after the contingency happens, he may, on a declaration setting out the facts, maintain an action. Between these parties there is a direct privity of contract.

Had the plaintiff indorsed the draft to another, and the indorsee brought the action in his own name, the objection that it was not negotiable would have been fatal. Wood is not in legal consideration an indorsee. When Gordon made the draft payable to his own order, it did not assume the character of a draft or bill of exchange till he had indorsed it and delivered it to Grant, thus putting him in the position of payee and first taker.

But we think the plaintiff is entitled to recover on another ground. The draft is evidence of an assignment by Gordon of so much of his money, in the hands of Wood, to Grant, the payee; and the acceptance is evidence of an admission on the part of the defendant that he should owe so much, on the happening of a contingency expressed; then, upon notice of such assignment, the acceptor promised the assignee to pay it to him. The assignment creates a good equitable claim, the assignment of a chose in action, in favor of the assignee, and this is a good consideration for a promise. This lets in the parol evidence to show that notice of such assignment was given by Grant to Wood, and Wood's promise to pay it

These are facts which, from their nature, must be proved by evidence *aliunde*, and for which parol evidence is competent. *Crocker* v. *Whitney*, 10 Mass. 316. *Mowry* v. *Todd*, 12 Mass. ?81.                           *Judgment for the plaintiff.*