JOSEPH O. HOLLIS & another *vs.* GIDEON D. RICHARDSON.

In an action by a person other than the payee, on a promissory note not negotiable, a declaration, averring that " the defendant made a promissory note, a copy whereof is hereto annexed, payable to J. S., and the plaintiff is the owner of said note, and the defendant owes him the amount of said note," and annexing a copy of the note, but not averring any assignment thereof to the plaintiff, is insufficient: and a judgment rendered thereon by default will be reversed on error.

WRIT OF ERROR on a judgment of the court of common pleas in an action of contract brought by Gideon D. Richardson upon two promissory notes made by the plaintiff in error, and payable to Eliphalet W. Richardson, but not purporting to be payable to order.

In that action, each count was in this form : " And the plaintiff says, the defendants made a promissory note, a copy whereof is hereto annexed, payable to Eliphalet Wharff Richardson, and the plaintiff is the owner of said note, and the defendants owe him the amount of said note and interest thereon." Copies of the notes were annexed to the declaration. The defendants filed an affidavit of merits, but were afterwards defaulted, and judgment was rendered against them for the amount claimed.

The error assigned was, that the notes were not negotiable, and were not made to Gideon D. Richardson, and he could maintain no action at law thereon. Plea, *in nullo est erratum.*

*G. T. Davis & C. Allen,* for the plaintiffs in error.

*D. Aiken,* for the defendant in error. The assignee of a chose in action, not negotiable, may sue thereon in his own name, if the debtor has promised to pay the debt to him, or recognized him as his creditor. *Folsom* v. *Haskell,* 11 Cush. 470. *Coolidge* v. *Ruggles,* 15 Mass. 387. This declaration sufficiently states a cause of action, by averring the making of the note, the plaintiff's ownership thereof, and that " the defendants owe him the amount of said note." The court below must be presumed to have had proper evidence before it. No error appears of record. Papers and documents filed in the case, whether in support of

the action, or to prove damages after a default, are not part of the record; and the only remedy for the admission of improper evidence is by exceptions. *Storer* v. *White,* 7 Mass. 448. *Pierce* v. *Adams,* 8 Mass. 383. *Coolidge* v. *Inglee,* 13 Mass. 50.

The error assigned is an informality, at most, which, if seasonably suggested, could have been cured by amendment. The defendants, by suffering a default after filing an affidavit of merits, admitted the correctness of the declaration, and waived any right to object to its sufficiency. *Kidder* v. *Browne,* 9 Cush. 402. *Clark* v. *Montague,* 1 Gray, 448, 449. *Simonds* v. *Parker,* 1 Met. 511, 512.

SHAW, C. J. The ground of this writ of error is, that the declaration shows no cause of action in the plaintiff. The judgment having been rendered upon the default of the defendant, the case is not within the provisions of the new practice act, which prohibit the taking of objections in arrest of judgment or by writ of error, for causes existing before verdict, in any case in which a verdict has been rendered. *St.* 1852, *c.* 312, §§ 22, 77.

It was not a question of the admission or rejection of evidence, which, if not made at the trial, cannot be taken afterwards; because there was no trial. Nor did the court below adjudge the sufficiency of the evidence to maintain the action; for, the judgment being on default, no evidence was laid before them.

Nor is it a case within the rule of the common law, where a good title, or cause of action, imperfectly set out in the declaration, may be cured by a verdict. The reason is, that a verdict presupposes a trial, and the action of the judge on the matter of law; and the court therefore, after verdict, will presume that the evidence necessary to support the action was required and given, though such good title and legal cause of action were not correctly stated.

The question is, whether there is enough in the declaration, of which the notes themselves are part, and of course, part of the record, to sustain the judgment. The declaration sets forth the making of a note payable to a person other than the plaintiff,

and not negotiable. It then adds that " the plaintiff is the owner of said note." But how can he own it? Only as assignee in equity, which, by law, does not enable him to sue in his own name.

It is said, however, that there may have been an express promise by the defendants to pay the plaintiff. But if that was so, the declaration should not have been on the note, but on the new and express promise, of which the assignment of the note was the consideration. *Mowry* v. *Todd*, 12 Mass. 281. By the practice act, although the facts may be briefly stated, all the facts must be stated which are necessary to constitute the cause of action. *St.* 1852, *c.* 312, § 2, *cl.* 3. This declaration does not state the facts, if they in truth existed, that the notes had been assigned to the plaintiff, and that, upon notice thereof, the defendants had made an express promise to him to pay them.

The plaintiff's final averment, " that the defendants owe him the amount of said note," is a mere statement of a conclusion of law from facts previously stated, and not an allegation of a distinct substantive fact. *Millard* v. *Baldwin*, 3 Gray, 484. If it could be treated as a distinct and sufficient averment, no other averment would be needed in any case.

*Judgment reversed.*