Opinion by
Will-son, J.

(Transferred from Austin.J

§ 339, Pleadings in justice's court; rules as to. This suit was commenced in justice’s court by appellees, upon a cause of action stated thus:
The Texas & Pacific Railroad Company,
In account with J. E. Wright and E. S. Seay, Dr.
October 81, 1883. To amount of draft paid Messrs. Coleman,
Simpson & Co., for the detention of goods, as per attached invoice, and interest and damages..........................,|195 00
Appellant excepted specially to this statement of the cause of action because it did not itemize and specify the damages claimed and the interest claimed. Held: If the suit had been instituted in a court in which the pleadings are required to be in writing, and to conform to estab *293 lishecl rules, the exception to this statement of the cause of action would be well taken. But pleadings in justice’s court, except as to certain specified matters, are oral, and are not subject to the rules governing written pleadings. [W. & W. Con. Rep. §§ 262, 576, 765, 891.] This statement was sufficient in justice’s court, and being sufficient in that court, it w’as also sufficient on appeal, in the county court. It was not required that plaintiffs should have made any written statement of their demand, and if, after having made it, it was imperfect, they could amend the same orally, in either the justice’s or county court. [R. S. arts. 1573, 1575; W. & W. Con. Rep. § 576.] This is not a suit upon an account, but is a suit to recover damage for breach of contract, against a carrier, in failing to deliver goods intrusted to it for transportation. We have no forms of action, and it makes no difference in what shape a plaintiff presents his cause of action, the courts will look to the substance of it, and not be controlled by the mere form in which it is set forth.
§ §40. Chose in action; assignment of; assignee may sue in his own name; case stated. Coleman, Simpson & Co. shipped a lot of goods over appellant’s road, to the care of appellees, who were commission merchants at Baird, Texas. After the shipment was made, appellees bought the goods of Coleman, Simpson & Co., paying therefor $179.40, and Coleman, Simpson & Co. delivered to them the bill of lading of the goods. The goods were never delivered by appellant to appellees, and appellees brought this suit to recover damages for the breach of the contract of shipment, and recovered judgment for $195 and costs. It was contended in the courts below, and is also contended in this court, that appellees cannot maintain this suit in their own right, because the cause of action was not assigned to them. Upon this issue the court charged the jury, in substance, that if they believed from the evidence that the appellees purchased the goods from Coleman, Simpson & Co. for a valuable consideration, they were entitled to maintain this action *294 in their own names, and that a parol assignment of a chose in action is sufficient in law to give title to the assignee, and that a manual delivery of a chose in action, for a valuable consideration, is sufficient to vest title in the person to whom it is delivered. We see no error in this charge. We have no statute expressly providing for an assignment of this character of chose in action, but in equity the rule is well settled that such a claim is assignable. [Green’s Pleading, § 234.] No formality is necessary in a contract of assignment in order to transfer a chpse in action. Any transaction between the parties which indicates that they intended to pass the beneficial interest in the cause of action to the assignee is sufficient. And such assignment is as valid, if made orally, a.s if made in writing, if the thing be delivered to the assignee, and the assignor surrendered all control thereof to the assignee. [Green’s Pleading, § 243.] It is clear from the evidence that Coleman, Simpson & Co., for a valuable consideration, assigned their cause of action against appellant tp the appellees, and the delivery to appellees of the bill of lading of the goods was a delivery of the chose in action. The question of the right of appellees to maintain this suit in their own name' is settled in the case of Rollison v. Hope, 18 Tex. 446. It is said in that case that “ a chose in action, not evidenced by writing, or an open account, may be assigned without writing; and that the assignment will pass the equitable title to the assignee; if the debtor have notice of the assignment, and promise to pay the assignee, the latter may sue therefor in his own name in a, court of law; if there is not any express promise to pay, equity will protect the interest of the assignee, and in our courts, he may maintain the action in his own name.”
§ 841. Interest as damages; not allowable, when. In the absence of any proof of fraud, delinquency or injustice on the part of appellant, appellee was not entitled to recover interest as part of his damages. The mere fail *295 ure to deliver the goods did not per se authorize the award of interest to appellee. [Post, § 343.] The judgment was reversed and rendered so as to exclude the interest awarded.
October 18, 1884.
Beversed and rendered.