### HAMPTON v. JACKSON et al.

### No. 2317.

Court of Civil Appeals of Texas. Eastland.

Dec. 11, 1942.

Sam Billingsley, of Fort Worth, for appellant.

Davenport & Willoughby, of Stamford, for appellees.

FUNDERBURK, Justice.

J. E. Jackson (a grocery merchant) had an account amounting to $150.97 against James Baker and Phil Baker, who with two other brothers were partners, operating

under the name of Baker Brothers Sign Company. J. V. Hampton (a contractor) owed Baker Brothers Sign Company more than $150.97 for painting, such work having been performed presumably under contract of some kind in Justice Precinct No. 2 of Jones County, which includes the City of Stamford, said work being incident to the construction of Lou Foote Flying School. Baker Brothers Sign Company, by James Baker, addressed a letter to said Hampton and delivered same to Jackson, saying: "Please deduct $150.97 from Baker Brothers painting contract on Lou Foote Flying Field and mail to Bearer, J. E. Jackson Grocery, Stamford, Texas." Jackson, prior to June 21, 1941, mailed this letter to Hampton and also had a telephone conversation with Hampton regarding it. Hampton did not mail check, as directed, nor pay the $150.97, or any part of it, to Jackson; but on June 21, 1941, paid to Phil Baker $198.80, being in full of the account owing, before said order was given to Baker Brothers Sign Company.

Jackson sued James Baker and Phil Baker to recover the $150.97 account and also sued J. V. Hampton to recover the sum of $150.97 upon the theory that plaintiff was assignee to the extent of $150.97 of the indebtedness due by Hampton to Baker Brothers Sign Company at the time said order was given.

There was no service of citations upon the defendants, James Baker or Phil Baker, and Hampton filed a plea of privilege, which, being controverted, was upon hearing overruled. Upon appeal by Hampton to the County Court, his plea of privilege was likewise overruled by that court, from which action this appeal is prosecuted.

The record contains no written pleadings, other than the said plea of privilege and controverting plea, and there is no statement of facts. Upon request of Hampton, the Judge filed his conclusions of fact and of law.

■ In our opinion, as against all contentions of Hampton, Jackson's controverting plea to the plea of privilege, aided by all proper presumptions both as to the other pleadings and the evidence, upon the hearing of the plea of privilege, warrants the judgment overruling said plea. It is immaterial that none of the defendants resided in Jones County, or that there may have been no service of process upon any of the defendants, other than Hampton. As to Hampton, the suit presumably, if it does not affirmatively so appear from the record, was one to recover $150.97 of the indebtedness owed by Hampton to Baker Brothers Sign Company. As to such amount, Jackson by the said order was the owner of $150.97 of such debt, and, having notified Hampton of the assignment before the latter had paid the debt to Jackson's assignors, was entitled to recover of Hampton said sum. So far as Hampton is concerned, it is immaterial whether James Baker and/or Phil Baker still owe their grocery account to Jackson, or whether they paid and discharged it by the execution and delivery of the order in question. By the order the Bakers (Baker Brothers Sign Company) acknowledged the indebtedness to Jackson in the sum of $150.97, and by the findings of the trial judge, Hampton owed Baker Brothers Sign Company more than that amount. The order constituted an equitable assignment to the extent of $150.97 of Hampton's debt to the Bakers and notice to Hampton before he paid any of his indebtedness to the Bakers constituted an equitable assignment of $150.97 of said indebtedness to Jackson. In equity Hampton was thereby placed under the duty to pay said sum to Jackson, rather than to the Bakers.

It is believed that these propositions are sustained generally by the decisions, and particularly by the following: Rollison v. Hope, 18 Tex. 446; Clay-Butler Lumber Company v. W. R. Pickering Lumber Company, Tex.Civ.App., 264 S.W. 267.

■■ The really determinative question in this case is whether the suit, as between Jackson as plaintiff and Hampton as defendant, is a suit to recover for labor actually performed in precinct No. 2 of Jones County under a contract written or oral within the meaning of R.S. 1925, Art. 2390, Subdivision 4. Whether the suit is of such character is a fact pertaining to the nature of the suit and provable by plaintiff's pleadings as the all sufficient evidence of such fact. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W. 2d 1300. Plaintiff's petition in this case having been oral, as we assume from the absence of a written petition in the transcript, we must presume that the suit was of such nature. The trial judge found, as a basis of the judgment, that Hampton owed the Bakers more than $150.97 for labor actually performed in said justice precinct of Jones County. Under the authorities cited, Jackson held an equitable

assignment of that indebtedness to the extent of his claim against the Bakers. It would hardly be contended that the Bakers could not have maintained an action to recover said indebtedness in the particular precinct in Jones County, and it is our conclusion that Jackson, taking the place of the Bakers as the owner of said indebtedness to the extent stated, could likewise maintain the action against Hampton in said jurisdiction.

It is, therefore, our conclusion that no material error is shown and that the judgment of the court below should be affirmed. It is accordingly so ordered.