Parker, C. J.,
delivered the opinion of the Court. The only question of any importance presented in this action is, whether there was such an assignment of the note, upon which the action is brought, as passed the interest and property in it to the Messrs. Colts, who claim to be the assignees. For, if there was such an assignment, as the defendant had notice of it before he obtained the * discharge which he set up in his defence, he cannot avail himself of that discharge in prejudice of the assignees.
It appears, that a bargain was made for this note by the Colts with the payee, that a valuable consideration was paid for it, and that it was delivered over to them.
This would be sufficient evidence of the assignment or sale of a *250 chattel, and would transfer the property. But this is a chose in action, not assignable at law but by an indorsement, it being a negotiable note ; and it is not indorsed, nor is there any evidence in writing purporting a transfer. The question, then, is, whether the facts proved show such an assignment in equity as will be supported by courts of law, in all respects, except permitting an action to be maintained in the name of the assignee.
Hitherto no decision has been had directly to this point; although many cases have occurred which necessarily lend to such a decision. It has been decided, that a promise in writing, delivered over by the payee to another for an adequate consideration, the promissor having notice and promising to pay the assignee, will justify an action by the assignee, upon such promise, in his own name ; although the name of the promissee was not signed upon any part of the note. (3) This implies that there may be an assignment without writing, to some purposes. And there seems to be no reason for limiting the principle at this precise point.
The contract between assignor and assignee is operative between them only, until some act takes place which brings the maker of the note into the contract. This act is notice to him ; and, after such notice, it becomes entirely immaterial to him which shall be his creditor ; as all payments, or lawful offsets, existing before such notice, will be allowed him ; and all subsequent payments may as well, for his interest, be made to the assignee as to the original creditor.
The fact of the assignment may as well be proved by witnesses as by the name of the payee on the back of the * paper, when the person claiming to be the assignee holds the paper, and proves that it was delivered to him in consideration of money, or other valuable things paid for it. And it is wholly immaterial in what form the assignment has been made ; the interests of the person to be charged being entirely protected by the necessary fact of notice to him.
There are cases in the old books which show that debts and even deeds may be assigned by parole ; and we are satisfied, that there is no sensible ground upon which a writing shall be held necessary to prove an assignment of a contract, which assignment has been executed by delivery, any more than in the assignment of a personal chattel.

Judgment on the verdict.

 Mowry vs. Todd, 12 Mass. Rep. 281.