■ Parker, C. J.,
delivered the opinion of the Court. The objection to the assignment, as offered to be proved by the witnesses, is that it was not by deed ; and the objection rests on the general principle which was assumed by the counsel, that an assignment of a specialty must be by an instrument of as solemn a nature as the instrument itself which- is to be assigned. Considering a judgment as a specialty, it is obvious that, upon this strict principle, it could never * be assigned; because there is no instrument in pais, of so high a nature as the record of a judgment of court.
But we do not think that the general principle is at all applicable to equitable assignments; which do no't pass a legal right in the, security or debt to the assignee; but merely vest in him an equitable interest, which the courts of law will protect against the frauds of the debtor, or collusion between him and the original creditor.
In the case before us, there was a valuable and full consideration paid by the assignee, and an actual agreement to transfer, which wanted nothing but written evidence to make it perfect; and, indeed, directions were given to make out an assignment in form. Against creditors of Dunn, who might have summoned the debtors as his trustees, the right of the assignee might have been questionable; but by Dunn himself it can never be questioned; nor by the debtors, who had full knowledge of the assignment. The transaction between the creditor and the debtors, after knowledge of this assignment, was a gross fraud, of which they cannot avail themselves in a court of law. (a)
The objection to the evidence offered is merely technical. It is not doubted that this debt, upon which the judgment was rendered, might have been assigned by writing without seal; or even, according to the decisions, without writing; so as to have enabled the assignee to have brought an action in the name of the assignor, and to have pursued it to judgment; and that, in such case, the debtor having notice, no payment by him to the assignor would have discharged the judgment. The judgment is only evidence of the debt, and if the execution is delivered over, with intent to transfer the *432 debt, upon a fair bargain upon a valuable consideration, there is no reason why the transaction should not be as binding upon the parties, as the paroi assignment of the debt before it is reduced to a judgment. (b) And, in this case, the execution was in fact delivered to the use of the assignee, so that the judgment creditor could not have obtained another execution upon that judgment. ■
* The cases cited do not oppose this doctrine. It will be perceived, by attending to the judicial history of equitable assignments contained in our reports, that there has been a gradual extension of the doctrine, according to the more full development of the principle on which it depends, which successive actions have presented. And it will be seen, by a recurrence to the several cases decided, that they are all founded upon a fair ipplication of the principles which have long governed the courts of law and chancery in Great Britain.
The judgment of the court below is reversed, and a new trial is to be had at the bar of this Court.

 Vide Eastman & Al. vs. Wright & Al. 6 Pick. 316.—Mountstephen vs. Brooke, 1 Chitty, R. 390. — Paine vs. Rogers, 1 Dougl. 407. — Legh vs. Legh, 1 B. & P. 447. — Jones & Al. vs. Herbert, 7 Taunt. 421. — Jewett vs. Newman, 4 B. & A. 419. --4 M. & S. 423.

 Heath vs. Hall, 4 Taunt. 326. — Howell vs. M'lvers, 4 D. & E. 690. — Jones vs. Witter, 13 Mass. Rep. 304.