Hubbard, J.
The plaintiff sues as the bearer of a promissory note made by the defendant to one Mosely Clapp, and payable to him or bearer. It appears, by the facts agreed, that the note, which bears date the 3d of November 1841, was delivered to the plaintiff on the 5th of said month, and for a valuable consideration ; the note having been received in part payment for certain personal property of said Clapp, pledged as security for a debt to the plaintiff, who authorized Clapp to sell *516 the same to Twitchell, and to receive the payment therefor. After the note was thus delivered to the plaintiff, the defendant paid the same to said Clapp, from time to time, in three different payments, having no notice that it had been delivered to the plaintiff, but supposing it to be in Clapp’s possession. The defendant' relies on the 1st section of St. 1839, c. 121, as fully authorizing the defence made by him. The section is as follows : “ In any action brought upon a promissory note payable on demand, made after this act shall go into operation, by an indorsee against the promisor, any matter shall be deemed a legal defence, and may be given in evidence accordingly, which would be a legal defence to a suit on the same note, if brought by the promisee.” We are of opinion that the defendant has brought himself within this provision. The counsel for the defendant, in his lucid and pertinent argument, has justly remarked, that the statute was framed to render that certain, which before was loose and indeterminate ; to give a uniform character to notes payable on demand, so that parties might know their rights in regard to contracts so common through the Commonwealth. Before this statute was enacted, each case arising upon a note payable on a demand, when sued by a third person, depended on its own particular circumstances, and furnished no certain guide for the regulation of similar actions. But now, by this statute, a note on demand is treated as a note post due, and the maker is, by force of it, let into the same de-fence as he could make against the payee; while the rights of indorsees against indorsers of such notes are regulated by prescribing a time when, as between indorser and indorsee, such notes shall be deemed dishonored, and the indorser become entitled to notice. But this suit does not arise between the indorsee and indorser, but between the bearer and maker, and is embraced within the purview of the first section of the statute. The counsel has noticed the difference between this note and those spoken of in the statute; this being payable to bearer, and those to order. But to show that no important difference exists, he has referred to books, which sustain his view of the matter. And the plaintiff does not rely on this difference, as affecting the case.
*517 The plaintiff however contends, that a too literal construction of the statute would protect a payment, by the maker, to the payee, even after notice of his having transferred the note. But we think that is not the consequence of admitting the promisor to give any matter in evidence, which would be a legal defence against the promisee : for a payment, after notice of a transfer for value received, would not constitute a legal defence, even if the suit were brought in the name of the promisee. Jones v. Witter, 13 Mass. 304.
Again; it is argued by the plaintiff, that the note was in fact passed to him before any dishonor of it took place, and, being so negotiated, is to be put on the same ground as a note payable on time, indorsed before dishonor, and consequently that the defendant ought not to be permitted to give in evidence any payments subsequent to the delivery to the plaintiff. But however reasonable such a provision in the law might be, we think the words of the statute are too precise and positive to admit of such a construction. The language is, that “ any matter shall be deemed a legal defence, and may be given in evidence accordingly, which would be a legal defence to a suit on the same note, if brought by the promisee.” Here is no provision m regard to the time when the transfer takes place, but the same defence may be made against the holder as against the promisee; and if the promisee were the plaintiff in this suit, the defence must prevail. But this rests, as was before observed, on payments made prior to notice of the transfer; for payments made after notice are not within the purview and intent of the statute; and, if so made, would be in the party’s own wrong.
It has been suggested, in the argument by the plaintiff, that the circumstances, in regard to the transaction, were such as to put the defendant on his guard, and to expose him to the re payment of the note, if he paid it without seeing the indorse ments made. But on looking at the facts as stated by the parties, we can draw no such conclusion. On the other hand, Clapp, being in possession of the goods, delivered them to the defendant, and took a note for the balance, payable to himself, *518 for value received of him, and afterwards procured from the plaintifl his receipt of payment for the goods as made to Clapp, which receipt he personally delivered to the defendant. The defendant was, therefore, fully justified in paying to Clapp, prior to notice from the plaintiff of the transfer of the note to him ; and as the defendant paid in money, it was evidently ol no importance to him to which party he paid, so long as he discharged his debt. He might contend, and not without show of reason, that Clapp was the authorized agent of the plaintiff, and that a payment to him was a payment to the plaintiff himself.

Plaintiff nonsuit.