Mr. Justice Clayton
delivered the opinion of the court.
There was a judgment in the circuit court of Warren county, in favor of W. H. Hamer against R. D. Muir and W. A. Lake, as his surety. On the 12th June, 1841, the sheriff paid to the attorney, for the plaintiff, three hundred dollars, and took his receipt for that amount, "as in part payment of the execution.”' Afterwards another execution issued, under which the sheriff was about to seize the property of Lake the surety, when the latter obtained a supersedeas to stay proceedings. At the ensuing term of the court, the execution was quashed, and satisfaction directed to be entered by the court, for the reason that the payment by the sheriff was a discharge thereof.
A person, not a party to an execution, may advance money upon it, and by agreement have it assigned to himself, and thus keep it in force. But if such person pay an execution, in whole or in part, without an agreement that it is not to operate as a discharge, or without taking an assignment, the execution will be pro tanto satisfied, and cannot be afterwards enforced. To this effect are the cases of Reed v. Pruyn et al. 7 Johns. 426, and Sherman v. Boyce, 15 Johns. 443, and Harwell v. Worsham, 2 Hum. 525. The cases cited in argument of Stinson v. Sumner, 9 Mass. 137; Brown v. Maine Bank, 11 Mass. 153, and Dunn v. Snell et al. 15 Mass. 481, all relate to assignments, and do not stand opposed to the principle above stated. The case of The State Treasurer v. Holmes, 4 Verm. R. 110, turned upon the ancient practice and usage in that state, and cannot be an authority out of it.
But it is insisted in argument, that the statute in How. & Hutch, p. 298, sec. 28, varies this rule.
That statute directs, that upon the failure of a sheriff to return *526 an execution, according to law, the plaintiff may by motion recover against him, the amount of such execution, with interest and damages, and that after the sheriff shall have paid the amount so recovered, the original execution shall be vested in him for his benefit.
The argument is, that as this statute gives the benefit of the execution to the officer, after judgment against him, and after his payment of that judgment, he should likewise have the same benefit of the execution, if he make payment without the judgment. To this it may be replied, that in the case provided for by the statute, the original execution is not paid by the sheriff at all, it is the judgment against him which is paid, and the payment of which operates, under the statute, an assignment of the original execution to him. This is a very distinct matter from the payment of the first execution. We are not inclined to extend the statute beyond its close construction. To do so would tend to encourage negligence in the performance of official duty, by an assurance that after his laches and delay, the sheriff might pay and then enforce the execution. In this way, the officer would avoid the damages imposed by the statute for his neglect, and which the statute does not authorize him to recover.
The facts show, that the plaintiff’s attorney required the money as a payment, and gave a receipt for it as such; but several months afterwards, when the sheriff found that he could not get the money from the source from which he expected to obtain it, he procured an assignment of the execution from the same attorney. This was clearly an afterthought, and could not revive a liability previously discharged. It is a question of intention and agreement between the parties. Once a payment always a payment.
The cases in Kentucky decide, that after a judgment against the sheriff, for his failure to return an execution, the beneficial interest in the execution is vested in him. Bruce v. Dyall, 5 Monr. 128; 1 Litt. R. 137. This is nearly the same with our statute, and does not conflict with what is said above.
The three hundred dollars paid by the sheriff, was not the *527 full amount due on the execution at the time; nor does it appear that the balance has yet been paid. The circuit court, therefore, erred in quashing the whole execution. For this reason the judgment will be reversed, and this court proceeding to give the judgment which the court below should have given, directs that the supersedeas be retained as to the three hundred dollars paid on the 12th of June, 1841, but discharged as to the residue.
Judgment reversed.