AARON W. ROCKWOOD *vs.* JOSEPH B. BROWN & another.

Under Rev. Sts. *c.* 120, § 4, as well as under St. 1786, c. 52, § 5, the purchaser of a wit
nessed promissory note may maintain an action thereon, for his own use, in the name of
the original payee, after the expiration of six years from the time when the cause of
action accrues.

ACTION OF CONTRACT, brought on the 16th of February
1852, on a promissory note, dated October 21st 1844, payable
to the plaintiff or order in sixty days after date, purporting to
be signed by the defendants and attested by " Kimball Hill,
witness."

The parties submitted the case to the court upon the following
statement of facts : " The execution of the note is admitted.
The action is brought for the benefit of a purchaser of the note,
without any objection on the part of the payee; but the payee
did not know at the time this suit was brought that it was to
be brought in his name, and gave no express authority that it
should be done, except what arose from the sale of the note; and
on learning that it had been brought, he demanded of the plain-
tiff in interest a bond of indemnity for costs, which has been
furnished him. If, upon this statement of facts, the court is of
opinion that the plaintiff is entitled to recover, upon a proper
state of pleadings setting forth all these facts, the defendant
denying the right of the plaintiff in interest to sustain said ac-
tion thereon in the name of the nominal plaintiff, then the
plaintiff shall have judgment; otherwise, the plaintiff to be-
come nonsuit."

*S. D. Parker*, for the plaintiff, cited Rev. Sts. *c.* 120, § 4; *Bay-
ley* v. *Bryant*, 24 Pick. 198; *Grover* v. *Grover*, 24 Pick. 261;
*Drury* v. *Vannevar*, 5 Cush. 442; *Stone* v. *Hubbard*, 7 Cush. 595.

*W. Rogers*, for the defendants. This action is barred by the
statute of limitations. Rev. Sts. *c.* 120, § 1. It is not within
the exception of § 4, for it is not "brought by the original
payee." The facts find that the payee did not know that this
action was to be brought in his name, and gave no authority to
bring it, except what arose from the sale of the note. It was

decided, under *St.* 1786, *c.* 52, § 5, that the purchaser for a valu-able consideration of a witnessed note might maintain an action thereon in the name of the payee, with the assent of the payee. *Hodges* v. *Holland,* 19 Pick. 43. And that decision has been confirmed since the Rev. Sts. in *Sigourney* v. *Severy,* 4 Cush. 176, and *Drury* v. *Vannevar,* 5 Cush. 442. But these cases do not control the present. For here it does not appear that the note was purchased for a valuable consideration, nor that the payee assented to the bringing of this suit. Besides; there is an essential difference between the language of the *St.* of 1786, and the Rev. Sts. The *St.* of 1786, *c.* 52, § 5, declares generally that the statute of limitations " shall not extend to bar any action hereafter brought upon any note," " attested by one or more witnesses;" and then adds, not by way of proviso, " but all ac-tions upon such notes, brought by the original promisee," " shall and may be maintained." But the Rev. Sts. *c.* 120, § 4, make it an express condition that " the action be brought by the original payee." The general current of the decisions of this court re-quires that the operation of this exception from the statute bar should be confined within strict limits. *Russell* v. *Swan,* 16 Mass. 314. *Mosher* v. *Allen,* 16 Mass. 451. *Frye* v. *Barker,* 4 Pick. 382. *Smith* v. *Dunham,* 8 Pick. 246. *Gray* v. *Bowden,* 23 Pick. 282. *Kinsman* v. *Wright,* 4 Met. 219. *Village Bank* v. *Arnold,* 4 Met. 587. *Walker* v. *Warfield,* 6 Met. 466. *Hough-ton* v. *Mann,* 13 Met. 128. *Drury* v. *Vannevar,* 1 Cush. 276. *Jourdain* v. *Sherman,* 6 Cush. 139.

MERRICK, J. The sale and delivery, without indorsement, of the note declared on, was a legal assignment thereof to the pur-chaser. The assent of the assignor to the prosecution of the present suit might, if it were at all necessary to the maintenance of the action, be inferred from his demand and reception of a bond of indemnity from the assignee against the costs, charges and liabilities created by it. But it is not necessary. The as-signment itself, being made upon a sale and purchase, terms importing a sufficient consideration therefor, conferred upon the assignee a right to sue in the name of the assignor, which can neither be controlled by him, nor objected to by the maker of the

note. *Jones* v. *Witter*, 13 Mass. 304. *Grover* v. *Grover*, 24 Pick. 261. *Stone* v. *Hubbard*, 7 Cush. 595.

The execution of the note being admitted in unqualified terms by the defendant, and no intimation being made, in the agreed statement of facts, of its subsequent alteration, it must be taken to have been executed exactly as it appears upon its face, and treated accordingly. And having been signed by the maker in the presence of an attesting witness, this action, being brought in the name of the original payee, though for the benefit of another party who has become its owner, is not barred by the limitation prescribed in the Rev. Sts. *c.* 120, § 1. *Hodges* v. *Holland*, 19 Pick. 43. *Sigourney* v. *Severy*, 4 Cush. 176. *Drury* v. *Vannevar*, 5 Cush. 442. There is a slight difference of phraseology in the provisions of § 5 of *St.* 1786, *c.* 52, and of § 4 of Rev. Sts. *c.* 120. The alteration was reported by the commissioners appointed to revise the statutes of the Commonwealth, but without any intention to change the law, as it before existed. See their report, *c.* 120, *note.* In *Sigourney* v. *Severy*, above cited, the two statutes are said to be alike.

*Judgment for the plaintiff.*