## JAMES W. RILEY vs. CONSTANT TABER.

An officer, who, after receiving an execution with notice that the claim on which the judgment had been recovered had been assigned to another person and was prosecuted at his cost, collects the amount of the execution and pays it to the nominal plaintiff, is liable in tort to the assignee for the amount of the costs in the action on the claim.

WRIT OF REVIEW of an action of tort brought by Richard Everett in the name of Taber against Riley as a deputy sheriff for official misfeasance.

At the trial of the review in the court of common pleas, there was evidence that Everett, in order to secure himself against liability as receiptor for property of Taber attached on mesne process, took an assignment from Taber of a claim against one Chace, which he agreed forthwith to sue, and did prosecute in Taber's name to judgment and execution, becoming liable for the costs of that suit. That execution was delivered to Riley, as deputy sheriff, with notice of Everett's interest, and directions to collect the amount of the execution and pay it to Everett. Riley collected the amount, and, upon its being claimed by both Taber and Everett, paid it to Taber. *Briggs, J.* instructed the jury that if Everett did not authorize Riley to make such payment to Taber, the costs of the suit against Chace, which Everett had paid, could be recovered in this action. The jury found a verdict for the defendant in review, and the plaintiff in review alleged exceptions.

*B. Sanford,* for the plaintiff in review.

*E. H. Bennett,* for the defendant in review.

MERRICK, J. It is contended by the plaintiff in review that if it appears from the facts agreed that he ought to have paid over to Everett any part of the money collected by him on the execution of Taber against Chace, the omission to do so was a direct and immediate injury to Everett, for which he was entitled to an action in his own name, and on account of which he could maintain none in the name of Taber. It is upon this ground alone that he objects to the correctness and regularity of

Riley *v.* Taber.

the proceedings in the original action, and upon which he claims to be entitled to judgment in this.

But the objection appears to be founded upon an entire misapprehension of the rights of the parties. No rules of law are more clear or better established than those which relate to the assignment of choses in action. The equitable assignee cannot maintain an action in his own name to collect a debt or enforce a remedy; but he may in the name of the assignee. And neither payment, nor a release or discharge by the assignee, after notice of the assignment, is ever allowed to affect the rights of the parties or to interfere in the least degree with the assignee in the prosecution and maintenance of his claim. *Brigham* v. *Clark*, 20 Pick. 43. *Clapp* v. *Shepard*, 2 Met. 127. *Jones* v. *Witter*, 13 Mass. 304. *Dunn* v. *Snell*, 15 Mass. 481. There is no doubt that Everett was the equitable assignee of the debt due from Chace to Taber, and that the judgment recovered was in the suit prosecuted by him and at his expense and for his benefit. Of all this the plaintiff in review had full knowledge before the payment to Taber of the balance of the execution which, in his official capacity, he had collected of Chace under and by force of it. He was therefore liable to Everett still; and he, as equitable assignee, alike of the original cause of action, the judgment recovered and the execution thereon, had a right to prosecute any and every needful suit to make his remedy complete. The verdict in his behalf was therefore right, and he is entitled to judgment upon it.

*Exceptions overruled.*