## Isaac W. Norcross & another *vs.* Lemuel L. Pease.

1 the indorsees of a promissory note have commenced an action upon it in their own names, for the benefit of one to whom they had transferred it as collateral security, their subsequent insolvency will furnish no ground of defence, if the assignees of their estate disclaim all interest in the case.

In order to establish a defence, under Gen. Sts. c. 161, § 64, to an action upon a promissory note, upon the ground that the plaintiffs, who held it merely as collateral security, had transferred it without authority to another person for whose benefit the action was brought, it is necessary to show that the transfer was made before the debt became due, for which it was held as collateral.

Contract upon a promissory note signed by the defendant, payable to the order of Oliver P. Fernald, and indorsed to the plaintiffs. At the trial in the superior court, before *Putnam*, J., the jury returned a verdict for the plaintiffs; and the defendant alleged exceptions. The facts are stated in the opinion.

*G. W. Norris,* for the defendant.

*T. S. Harlow,* for the plaintiffs.

Merrick, J. It is admitted that the promissory note set forth in the declaration was made by the defendant, payable to the order of Fernald, and was by him indorsed to the plaintiffs. They

subsequently assigned it to one Nesmith, as collateral security for the payment of a debt due from them to him. And this action was commenced and is prosecuted in their names, on his account and for his benefit. After it was commenced and while it was pending, the plaintiffs became insolvent, and their estate was conveyed and assigned by the judge of the court of insolvency to assignees duly appointed under the statute. For this reason the defendant contends that this action cannot be maintained against him in the name of the plaintiffs, and he requested the court to instruct the jury that it could be main tained only by his assignees coming in to prosecute it. But the court declined to accede to this request, and instructed them that if the assignees had no interest in the note, and declined to come in and prosecute this action because it was brought by the plaintiffs for the benefit of Nesmith and at his request, it might be maintained.

This instruction was correct. The note having been passed for a good consideration by the plaintiffs before their insolvency to Nesmith, it thereupon became his property. And he thereby acquired a right to maintain an action in their names to recover the amount due upon it, which could not after notice to the maker be controlled or defeated by any act or by the release of the assignors or of their legal representatives. *Jones* v. *Witter,* 13 Mass. 304. *Eastman* v. *Wright,* 6 Pick. 322. *Sigourney* v. *Severy,* 4 Cush. 176. *Rockwood* v. *Brown,* 1 Gray, 261. The insolvency of the plaintiffs constitutes no objection to the prosecution of the suit in their names. Before its occurrence, the right so to proceed to final judgment and execution had, by the transfer of the note to him, become perfect and complete in Nesmith. The plaintiffs did not, as was contended by the defendant, cease, in consequence of their insolvency, to have any legal existence, so that no action could afterwards be carried on or maintained in their names. Where a promissory note was transferred under the general assignment to his assignees in insolvency as a part of the estate of the payee, it was adjudged that a subsequent purchaser of it who received it from the assignees by delivery only, but without indorsement, might

maintain an action upon it in the name of the insolvent debtor. *Stone* v. *Hubbard*, 7 Cush. 595. There is no difference in prin-ciple between that and the present case in reference to the ques-tion in whose name the action may be brought.

It is objected that, the note having been pledged by Fernald the payee, by whom it was owned, to the plaintiffs as collateral security for the payment of a debt due to them, the transfer of it by them to Nesmith was in violation of the provisions of Gen. Sts. *c.* 161, § 64, and therefore that the right to or the property in the note could not pass to him. But it is only where the debt for which any kind of personal property is held as collateral security has not become due and payable, that the pledgee is by those provisions prohibited from disposing in any way of the property so held by him. It does not appear from any evidence reported or from any fact stated in the case, that the debt of Fernald to the plaintiffs, for which the note was pledged to them, had not become due when they transferred it to Nesmith. The court could not, therefore, adjudge that the transaction between those parties was illegal. There was nothing in the facts or evidence to warrant such a determination. In the absence of all proof upon the subject, a violation of the law cannot be presumed. *Exceptions overruled.*