Norton v. Piscataqua Ins. Co.   Piscataqua Ins. Co. v. Edgerly.

did not then remove his ashes and rubbish from the premises, there would be a breach of this agreement for which the plaintiff could recover the damages thereby sustained by him; but the judge declined to give the instruction requested.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions.

*J. L. Thorndike*, for the plaintiff.

*W. W. Burrage, pro se.*

BY THE COURT. Assuming that there was proof of an agreement of the defendant to peaceably yield up the premises in good repair at the end of his tenancy, the leaving of ashes and rubbish on the premises was no breach of that agreement.

*Exceptions overruled.*

DANIEL NORTON, JR. *vs.* PISCATAQUA FIRE AND MARINE INSURANCE COMPANY & trustee.

PISCATAQUA FIRE AND MARINE INSURANCE COMPANY *vs.* PETER EDGERLY.

A transfer by delivery, for good consideration, of a promissory note not negotiable, is an equitable assignment which will prevail against a subsequent attachment of the note by trustee process.

ACTIONS OF CONTRACT. *In the first case*, Peter Edgerly, the defendant in the second action, was summoned as trustee, and Albert Bowker appeared as claimant. *The second case* was brought for the benefit of Bowker, and was upon certain premium notes, not negotiable, made by Edgerly and payable to the Piscataqua Fire and Marine Insurance Company. Both cases were tried together in the Superior Court, before *Devens*, J., without a jury, when the following facts appeared:

Bowker, who was a citizen of this Commonwealth, having a claim against the Piscataqua Fire and Marine Insurance Company, who were a corporation established in the State of Maine under the laws thereof, brought an action in this Commonwealth against them, and summoned as trustee David Fairbanks, who was the president of the company, and also the agent duly ap-

MARCH 1873. 533

Norton *v.* Piscataqua Ins. Co.   Piscataqua Ins. Co. *v.* Edgerly.

pointed to receive service of process in this Commonwealth. Fairbanks, at the time of the service of the trustee process upon him, had goods, effects and credits of the company in his hands, including the said notes of Edgerly, which were not negotiable. Subsequently, proceedings were had to wind up the company, the Supreme Judicial Court of Maine appointed trustees for that purpose, and, by direction of the trustees, Fairbanks made a settlement of the suit brought by Bowker, in accordance with which Bowker discontinued the suit, and Fairbanks delivered to him some of the assets of the company, including Edgerly's notes, as collateral security for the payment of his claim, to be collected and applied by him in liquidation of his claim. Bowker can never realize a sufficient amount from these assets to pay his claim, and no part of the claim has been paid in any other manner.

After this settlement, the first of these cases was brought, and later still, the second.

The judge, by consent of parties, reported the cases for the consideration of this court, upon the foregoing facts; such judgment to be entered in each case as should seem correct to the court.

*N. B. Bryant*, for Norton and Edgerly. The suit by Norton is well brought, notwithstanding the winding up of the Piscataqua Fire and Marine Insurance Company. *Folger* v. *Columbian Ins. Co.* 99 Mass. 267, 275. *Taylor* v. *Columbian Ins. Co.* 14 Allen, 353.

There was no valid assignment to Bowker of the note which would be good against an attaching creditor. There was no notice to Edgerly or to the attaching creditor. The instrument of transfer must be of as high a character as the instrument transferred. *Brewer* v. *Dyer*, 7 Cush. 337. In *Dennis* v. *Twitchell*, 10 Met. 180, there was a delivery of the lease, and a demand and a promise to pay. In *Grover* v. *Grover*, 24 Pick. 261, the superior right of the creditor, and the necessity of a written transfer of all choses in action not negotiable are recognized. In *Crain* v. *Paine*, 4 Cush. 483, there is no intimation that the right of an equitable assignee is superior to that of an attaching creditor. In

*Hayden* v. *Thayer*, 5 Allen, 162, all parties were present and assenting. See also *Cushman* v. *Haynes*, 20 Pick. 132; *Hall* v. *Jackson*, Ib. 194; *Currier* v. *Howard*, 14 Gray, 511.

*F. L. Hayes*, for the Piscataqua Fire and Marine Insurance Company and Bowker. The promissory notes, being choses in action, were assignable by delivery. *Littlefield* v. *Smith*, 17 Maine, 327. *Warren* v. *Copelin*, 4 Met. 594. *Porter* v. *Ballard*, 26 Maine, 448. *American Exchange Bank* v. *Blanchard*, 7 Allen, 333. *Grover* v. *Grover*, 24 Pick. 261. The arrangement between Bowker, the trustees and Fairbanks involved a sufficient consideration. Metcalf on Con. 164.

An assignment valid between the parties cannot be defeated by a trustee process; the assignee's title is preferable to that of the attaching creditor. *Warren* v. *Copelin*, 4 Met. 594. *Blake* v. *Williams*, 6 Pick. 286, 303. *Dawes* v. *Boylston*, 9 Mass. 337, 346. *Zipcey* v. *Thompson*, 1 Gray, 243. Bowker's right does not depend entirely upon the assignment. By his own action he arrested property in this Commonwealth, assets of the Piscataqua Fire and Marine Insurance Company, and compelled the trustees to compromise. *Taylor* v. *Columbian Ins. Co.* 14 Allen, 353. Of citizens of this Commonwealth, having equal rights, the one who uses the most diligence must prevail. The controversy is between Bowker and Norton, and must be decided upon elementary principles, and not according to the letter of recent decisions where the receivers of foreign corporations have been parties opposed to citizens of this Commonwealth. *Taylor* v. *Columbian Ins. Co., ubi supra. Folger* v. *Columbian Ins. Co.* 99 Mass. 267. A sale or assignment of the property of a foreign corporation by a receiver, duly appointed, passes the property as against all subsequent attachments; *a fortiori*, when the purchaser is a citizen of this Commonwealth, who has pushed his claims against the corporation with diligence. *Blake* v. *Williams*, 6 Pick. 286, 303.

AMES, J. We do not understand either party to claim that the judicial proceedings instituted in the State of Maine, for the purpose of winding up the corporation and distributing its effects among its creditors, can have the effect to prevent creditors, resident in this state, from availing themselves of such remedies as

our laws give them against such property or funds as may be found within our own limits. *Taylor* v. *Columbian Ins. Co.* 14 Allen, 353. *Ingraham* v. *Geyer,* 13 Mass. 146. *Willitts* v. *Waite,* 25 N. Y. 577. 2 Kent Com. (6th ed.) 406, 407. The only apparent controversy is as to the validity and effect of the alleged assignment by the corporation to the claimant Bowker.

It has long been settled that if a note of hand is transferred by delivery, *bona fide* and for a valuable consideration, this is a valid assignment in equity which the courts of law will regard and protect, although the assignee cannot maintain an action at law thereon in his own name. And the same principle applies to other choses in action. An equitable interest in a judgment may be assigned for a valuable consideration, by the delivery of the execution thereon to the assignee. Such was the language of this court in a judgment delivered by Mr. Justice Wilde in *Crain* v. *Paine,* 4 Cush. 483. See also *Jones* v. *Witter,* 13 Mass. 304 ; *Dunn* v. *Snell,* 15 Mass. 481 ; *Grover* v. *Grover,* 24 Pick. 261 ; *Caines* v. *Howard,* 14 Gray, 511. It is also well settled that, after a *bona fide* assignment for a valuable consideration, the debtor is not chargeable as the trustee of the assignor, although the debtor receive no notice of the assignment till after the trustee process is served. *Warren* v. *Copelin,* 4 Met. 594. *Wakefield* v. *Martin,* 3 Mass. 558. The discontinuance of the suit, and the existence of the relation of debtor and creditor, furnished a sufficient consideration for this assignment and delivery of the notes, and the authority of Fairbanks to make the transfer is equally clear. He was not only the president of the company and its sole representative in this jurisdiction, but he acted with the express sanction of the trustees, who were its sole representatives in Maine.

It is true that in *Dunn* v. *Snell, ubi supra,* some doubt is intimated as to the effect of such a parol assignment, as against a creditor who should sue out a process against the assignor, in which the debtor of the assignor is summoned as his trustee. But it is difficult to see any ground for such a doubt, and we find no case in which such an assignment has been held to be ineffectual against a trustee process in favor of a creditor of the assignor.

In *Littlefield* v. *Smith*, 17 Maine, 327, it was held that an assign-ment in that form cannot be defeated by a trustee process. An equitable assignment authorizes the assignee to use the name of the assignor, in all legal proceedings necessary to give it full effect. A release obtained by the debtor, after notice, would be a fraud upon the assignee, and would not defeat an action brought by him in the name of the assignor. *Eastman* v. *Wright*, 6 Pick. 316, 322. A payment by the debtor to the assignor after such notice would be of no effect as a defence to such a suit. *Jones* v. *Witter*, 13 Mass. 304. It is unnecessary to cite authorities to a point so familiar, or the list might be greatly extended. It is no longer open to question that a delivery of notes like that de-scribed in the present case, upon the consideration and with the intent described, would operate as an equitable assignment, bind-ing upon the corporation and upon the promisor. The attaching creditor, Norton, could not stand upon a better footing than the debtor whose funds he attached. If the corporation had no equi-table interest in the chose in action intended to be attached, Nor-ton could acquire none by his attachment. *Dix* v. *Cobb*, 4 Mass. 508. The doubt intimated in *Dunn* v. *Snell*, appears to have arisen upon the argument that the assignment ought to be by an instrument of as high a nature as the instrument assigned. But the court say that that principle is not applicable to equitable as-signments. If the assignment is valid, and binding upon the par-ties ; if, as the court say in *Jones* v. *Witter*, it may be as well proved by witnesses as by writing ; and if, as they also say in the same case, it is immaterial in what form it is made, it is not easy to understand why it would be any stronger or more effectual, as against a trustee process, if it were in writing. In the case of *Brewer* v. *Dyer*, 7 Cush. 337, cited by the counsel for Norton, the court were dealing with the question of the transfer of legal rights, and not with equitable assignments. In *Grover* v. *Grover*, 24 Pick. 261, which is also relied upon, the court was dealing with a case of *donatio mortis causa ;* and in delivering the judg-ment, Mr. Justice Wilde says, that a good equitable assignment of a chose in action may be made, *inter vivos*, by delivery of the thing given, without writing ; and that such a gift, provided no

claims of creditors interfere to affect its validity, ought to stand upon the same footing as a sale. There is nothing in this *dictum* to throw any doubt upon the validity of a *bona fide*, unwritten transfer of a chose in action for an adequate consideration, even when opposed to the claim of a subsequently attaching creditor.

As the trustee process in favor of Norton was subsequent to the assignment to Bowker, the result must be, in the first of these two actions, *Trustee discharged*; and in the second, *Judgment for the plaintiffs.*