H. HACKFELD & CO. *vs.* LEE LOY, THE MAKEE SUGAR CO., GARNISHEE; C. AFONG, CLAIMANT.

---

#### ON EXCEPTIONS.

THE DEFENDANT had legally assigned his right to the proceeds of certain sugar cane in the hands of the garnishee to C. A.;
HELD, that the garnishee must be discharged.

Opinion of the Court by JUDD, C. J.

We have carefully considered the facts of this case and the

H. Hackfeld & Co. *v.* Lee Loy.

argument of counsel, and sustain the decision rendered by Mr. Justice McCully, March 1, 1882.

The case of Ellis *vs.* White, 3d Haw. Rep., 205, is referred to by plaintiffs, and it is proper to add that the fact of the non-record of the power of attorney would be important, if this was an action by the holder of subsequent but recorded mortgage of chattel property against the holder of a prior unrecorded mortgage, but in this case as the defendant Lee Loy had legally assigned his credits with the Makee Sugar Co., to Afong, there is nothing in the garnishee's hands which can be attached. It must be borne in mind that no tangible chattel property was assigned but merely the right to take the proceeds of the sugar cane, *i. e.*, a chose in action.

The question of the solvency or insolvency of the defendant Lee Loy when he made the assignment is not raised in the case.

We think that Afong is entitled to this fund.

Garnishee discharged.

In Wing Wo Tai *vs.* Lee Loy, *et al.*, the same judgment must be entered.

S. B. Dole for plaintiffs.

A. S. Hartwell for Afong.

Honolulu, May 31, 1882.

---

OPINION OF MR. JUSTICE McCULLY.

The trustee company makes answer that at the date of service they had $1,367.28 to the credit of defendant in account current, but that one C. Afong claims a lien or charge on all moneys owing to said Lee Loy by said company. The said C. Afong appears before the Court and exhibits (1st) an instrument executed November 22, 1879, by the defendant, whereby, in consideration of $6,000 advanced to grow a crop of sugar cane upon certain lands under an agreement with the trustee company, and of further advance to be made, he mortgages "the said growing crops of sugar cane" to C.

Afong, constitutes him attorney irrevocable to sell, etc., and to receive the proceeds; (2d) a power of attorney in the following terms:

Know all men by these presents that I, Lee Loy, of the District of Hilo in the Island of Hawaii, being indebted to C. Afong of Honolulu in the Island of Oahu, the sum of over $6,000, and being desirous to secure payment thereof with interest as far as I may by these presents, do hereby irrevocably constitute and appoint the said C. Afong my true and lawful attorney for me in my name, or otherwise for my use to ask, demand, receive, sue for and recover all and every sum and sums of money whatsoever that are or is now or *hereafter* may be due and owing to me of and from the Makee Sugar Company, of the Island of Kauai, on account of any sugar planting interests at Kapaa in said Island of Kauai, and on receipt or payment thereof or of any part thereof for me and in my name proper receipts and discharges for the same to sign and deliver, and to apply the same to payment of my said indebtedness and interests; and otherwise to do all lawful acts and things in and about the premises as effectually as I could do the same if I were personally present. And all and whatsoever the said C. Afong shall lawfully do in the premises, I the said Lee Loy do hereby agree to ratify and confirm.

In witness whereof, I the said Lee Loy have hereto set my hand and seal, this 23d day of December, A. D. 1880.

(Signed)         Lee Loy. [Seal.]

Executed (the word "hereafter" being first interlined) in presence of

(Signed)          F. S. Lyman.

It may well be considered for the purposes of this case that the first instrument, which in terms relates to the crop of 1879 is merged in the second, more than a year later and which is not limited in time or confined to the crop of a speci-

fied year. The question is whether by this instrument the defendant made a valid assignment to Afong of his credits then existing, and to accrue with the trustee company and by such assignment they are protected from attachment by other creditors.

No instrument could operate to place the assignee in a better position than the assignor, and a mere authority to receive and hold defendant's funds would not cover them from a trustee process. It would be effective only in so far as such attorney had drawn and received the defendant's credits from time to time. But the authority here given recites a consideration, and empowers the attorney to apply receipts to the discharge of the defendant's debt to his attorney. It is a power coupled with an interest based on a consideration and not revocable. It is, moreover, a specific assignment of the proceeds of the venture in which the debt was incurred to meet the same debt. The defendant assigns the fruit of the loan to the lender.

The question of notice does not rise in this case, for the trustee company holds the defendant's funds and answers that they are claimed by Afong and it is not necessary to consider its responsibility to him in the case of their having paid them to the defendant or any other person than Afong.

The answer of the trustee states a balance then standing in account current. It is not the credit in settlement of accounts, annual, quarterly or at the close of the venture. Referring to the mortgage it appears to have been the security for advances made, which then amounted to $6,000, and for future advancements demanded by the business. For those the defendant gives Afong the security of a power to draw his receipts as the crop was ground and sold by the trustee company. But such a security would be defeated if at all times the defendant's other creditors could, by trustee process, search his account with his agent and intercept his receipts.

Upon these considerations I shall hold that there has been

a legal and equitable assignment to Afong of the defendant's credits with the garnishee. See Weed *vs.* Jewett and Trustees, 2 Met., 608, Gerrish Administrator *vs.* Sweetser, 4 Pick. 373, Norton *vs.* Piscataqua Co., 111 Mass., 532.

S. B. Dole for plaintiff.

A. S. Hartwell for defendant and Afong.