# LOUIS HANITCH, SUING FOR THE USE AND BENEFIT OF GEORGE W. LYNN, v. T. L. BEISEKER.

(130 N. W. 833.)

**Quieting Title — Action by Use Plaintiff.**

1. When a use plaintiff brings suit to quiet title in the name of his grantor, he must rely upon the title as of the date of the transfer from the nominal plaintiff to him.

**Quieting Title — Defenses against Nominal Plaintiff.**

2. The defendant may avail himself of any defense he may have had against the nominal plaintiff at the date of the transfer from the nominal to the use plaintiff.

**Quieting Title — Nominal Plaintiff — Bona Fide Purchaser.**

3. In an action brought in the name of a nominal plaintiff, the use plaintiff cannot claim to be an innocent purchaser without notice, under our recording acts.

**Quieting Title — Defenses.**

4. Courts will protect the use plaintiff in the control of the suit, and the nominal plaintiff cannot end the litigation by a deed to the defendant, after he has transferred his title to the use plaintiff. In this action, however, the defendant's deed was given prior to the deed to the use plaintiff, and the defendant may plead and prove same as a defense against the use plaintiff.

Opinion filed March 10, 1911.

Appeal from District Court, Emmons county; *Winchester,* J.

Action by Louis Hanitch, suing for the use of George W. Lynn, against T. L. Beiseker. Judgment for plaintiff, and defendant appeals.

Reversed.

*Edward H. Wright,* for appellant.

*Lynn & Coventry,* for respondent.

BURKE, J. This action involves the title to the south one half of section 11 township 135 range 77, Emmons county, North Dakota. The case was tried in the district court upon stipulation of facts substantially as follows:·

On July 17, 1899, and for a long time prior thereto, Louis Hanitch was the owner of the premises, subject only to a claim of Emmons county for the tax for the years 1893 and 1894, which the county had bought in at a tax sale of the premises under the Woods law. On said July 17, 1899, Louis Hanitch sold the premises to the defendant, T. L. Beiseker, and one C. H. Davidson, Jr., giving to them a warranty deed, and exempting from the said warranty the tax claim of Emmons county. Thereafter, and on November 12th, 1901, T. L. Beiseker acquired the tax title owned by Emmons county by purchase. From and after said July 17, 1899, Hanitch was a resident of Wisconsin, and the premises were not occupied by him. Beiseker caused his tax deed from Emmons county to be recorded on November 13, 1901, but neglected to record the warranty deed from Hanitch until December 22, 1905. On March 19, 1905, the said Louis Hanitch executed and delivered to one George W. Lynn a deed of conveyance to said premises, which said deed was duly recorded on July 14, 1905, and was taken by said Lynn for a valuable consideration and without notice of the prior deed from Hanitch to Beiseker and Davidson. The facts relative to the tax deed before mentioned were also stipulated, and show facts similar to those discussed in the case of McKenzie v. Boynton, 19 N. D. 531, 125 N. W. 1059; and show that the title to the land was not transferred thereunder. The stipulation is silent as to the occupation of the premises by Beiseker and Davidson at the time when Lynn obtained his title from Hanitch, but the fact that this action was brought in the name of a nominal plaintiff shows that Mr. Lynn considered his deed from Hanitch champertous and void as to Beiseker, under the decision of this court in the case of Galbraith v. Payne, 12 N. D. 164, 96 N. W. 258. This action was brought by Lynn in the name of Louis Hanitch for the use and benefit of George W. Lynn, and T. L. Beiseker alone is named as defendant. Davidson has not been interpleaded. The complaint alleges that the plaintiff is the owner of the premises, and asks that his title be quieted as against the claims of Beiseker. It is evident that the pleader had in mind only the tax deed aforesaid, when the complaint was drawn, but no amendments to his complaint have since been offered. Beiseker made answer, setting up his tax deed and also his warranty deed from Hanitch, and asks that the court quiet title to

said premises in himself and Davidson as joint owners. The trial below resulted in findings to the effect that the use plaintiff, George W. Lynn, was the owner of the premises in fee simple, and that the defendant, T. L. Beiseker, had no interest in or lien or encumbrance upon the same. The defendant has appealed from his judgment and asks trial *de novo*.

The matter of the tax deed requires little attention, excepting to say that even if Lynn should prevail upon the showing of fee title, still, under the stipulation in this case, Beiseker would have a good and valid lien upon the land for the amount due him for taxes paid by him (McKenzie v. Boynton, supra), and the judgment of the district court would have to be modified accordingly. But as we have reached the conclusion that the plaintiff must fail in this action, the above point is not material.

When Lynn drew his complaint he was obliged to elect whether he would bring an action in his own name, or bring an action in the name of his grantor for his own use and benefit. This election must be based upon the facts in the case peculiarly within his knowledge. If he brought the action in his own name, and Beiseker could show that Hanitch had been out of possession and had collected no rents for more than one year prior to the time of the deed, then Lynn's deed from Hanitch would be champertous and void as to any person in possession under color of title, as held by this court in the case of Galbraith v. Payne, supra. On the other hand, if Lynn brought the suit in the name of his grantor, he would have to stand upon the title that his grantor had at the time of the execution of the deed to Lynn; to wit, March 16, 1905. If Hanitch had good title at that date, the deed to Lynn would convey the same. If upon that date Hanitch had no title, of course Lynn would be unable to derive good title from him.

We are not called upon to decide whether Lynn made a wise choice of actions. Nor are we to decide whether he could have maintained an action in his own name had he elected to bring one. The fact is, he elected to sue in the name of his grantor. Lynn is, of course, the real party in interest, and has complete control of this action. If he can show any title to have been in Hanitch upon March 16, 1905, title passes to him under his deed.

Knowing all the facts of his case, Lynn has elected to sue in the name of his grantor. His reason for this no doubt was knowledge that the deed he had obtained from Hanitch was champertous and void as to Beiseker. He therefore elected to follow the other course, and stand in this action upon the title that Louis Hanitch had March 16, 1905, when the deed was issued to him. Under those facts we must hold that, at said date, Louis Hanitch had no title to the premises, having already conveyed his title to Beiseker and Davidson, and no title can pass in this action to Lynn.

The plaintiff has asked us to ignore the form of the action, and try this case as though it had been brought in the name of Lynn directly, and calls our attention to the fact that the courts now protect the use plaintiff from defenses which were good only against the nominal plaintiff. 30 Cyc. Law & Proc. p. 41, and cases cited. He forgets that the defendant also has some rights. The defendant was induced to enter into a stipulation of facts, on the supposition that he was to contest the title held by Louis Hanitch upon March 16, 1905. Whether, in an action brought by Lynn in his own name, he would have made a similar stipulation, we cannot say; but we know it would be a great injustice to allow a new plaintiff to be substituted in the supreme court, change the cause of action entirely, and still hold the defendant to his stipulation. It is possible that, under the true facts in this case, Lynn may be able to maintain an action against Beiseker and Davidson in his own name and establish his title to the premises, but we have not before us sufficient facts to decide such a controversy, even if it were equitable to substitute plaintiffs in this court.

We have examined all of the cases cited by plaintiff in his brief and such others as we have been ourselves able to find. The case of Jones v. Witter, 13 Mass. 304, is a fair sample of the cases relied upon by plaintiff. In that case the nominal plaintiff had sold to the use plaintiff a note given by the defendant, but had failed to indorse same. The use plaintiff therefore was obliged, under the laws in force at that time, to sue in the name of a nominal plaintiff. Upon the trial the defendant offered to prove that he had paid the nominal plaintiff for the note, and offered in evidence a receipt for the same, which receipt, however, was dated after the transfer of the note from the nominal plaintiff to the use plaintiff. The court excluded this

evidence, but held that the defendant could show any payment made to the nominal plaintiff *before* the transfer of the note to the use plaintiff. Applying the principle of that case to the cause under consideration, it would mean that Beiseker could show in this action any title which he had obtained from Hanitch *before* the date of Lynn's deed, but that Lynn, having control thereof, had the sole right to terminate the same, and that Hanitch could not terminate the suit by giving a deed to Beiseker. Again, if Beiseker had had no deed from Hanitch, in the first place, but had relied upon his tax deed, and had been sued by Lynn in Hanitch's name, and pending suit had obtained a deed from Hanitch to himself, the courts would have prevented him from asserting such deed against Lynn. The courts will abundantly protect the substantial rights of the parties to an action, of course; but we have found no court that has gone so far as to allow the nominal plaintiff to sue the defendant to whom he has sold a farm, and wrest that farm from him for the use and benefit of his second grantee, who was unable or unwilling to maintain a suit in his own name.

In view of the possibility that Lynn may have a good cause of action in his own name, we will simply direct the trial court to dismiss the present action, with costs of both courts in favor of appellant.

All concur, except MORGAN, Ch. J., not participating.